CTDX

ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CLARENCE D. BROWN,
        Plaintiff,

✓

ALLISON TAYLOR IN HER OFFICIAL
AND INDIVIDUAL CAPACITY AS
EXECUTIVE DIRECTOR, OFFICE OF
VIOLENT SEX OFFENDER MANAGEMENT,
                Defendant,
1100 W. 49th St.
AUSTIN, TEXAS 78756

DIANA LEMON IN HER OFFICIAL
AND INDIVIDUAL CAPACITY AS
PROGRAM SPECIALIST/CASE MANAGER
OFFICE OF VIOLENT SEX OFFENDER
MANAGEMENT,
                Defendant,
1100 49th St.
AUSTIN, TEXAS 78756

BRIAN COSTELLO, IN HIS OFFICIAL
AND INDIVIDUAL CAPACITY AS
PRESIDENT, AVALON CORRECTIONAL
SERVICES, INCORPORATED,
                Defendant

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT - 1 2012

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

4-12CV-698-A

CIV. ACT. NO.

13401 Railway Drive

Oklahoma City, Oklahoma, 73114


Greg Basham, In His Official

and Individual Capacity as

Facility Administrator,

Avalon Correctional Services,

Incorporated,

                    Defendant,


600 Henderson St.

Ft. Worth, Texas 76102


Carlos Morales, In His Official

and Individual Capacity As

Facility Administrator

Avalon Correctional Services,

Incorporated,

                    Defendant

1700 N. Horizon Blvd.

El Paso, Texas 79928


Clarence D. Brown

Clarence D. Brown

Pro Se

2

1. Pursuant to the United States Constitution and Title 42 U.S.C. § 1983 Plaintiff files this his Original Complaint alleging civil rights violations and state claims. Plaintiff seek equitable, monetary, injunctive and declaratory relief available through § 1983.

JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this court by 28 U.S.C. § 1331 which authorizes federal courts to decide cases concerning federal questions, and by 28 U.S.C. § 1343 which authorizes federal courts to hear actions brought under 42 U.S.C. § 1983 (hereafter § 1983). Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201, 2202, 2283, and 2284.

3. The principles of pendant or supplemental jurisdiction are engaged pursuant to 28 U.S.C. § 1637. This action contains facts and state law claims that are so related to other claims in this action that they form part of and become constituent ingredients embedded in the same case or controversy for Article III purposes.

4. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2). Venue is proper in this court because these defendants are Texas residents, at least one of whom resides in the Northern District. These defendants are officers, or employees of the State of Texas, acting in their official capacities and under color of state authority. The business of these defendants is conducted in the state of Texas, including the Northern District.

5.    Venue is appropriate in this court concerning Defendant Brian Costello, President, Avalon Correctional Services, under Diversity Jurisdiction, while Defendant resides in Oklahoma City, Oklahoma and Plaintiff is a resident of the state of Texas. Plaintiff contends that the "matter in controversy" is greater than $75,000 for an individual Plaintiff.

PARTIES

6.    Plaintiff Clarence D. Brown (hereafter "Plaintiff") is currently confined in the Tarrant County Jail, Ft. Worth, Texas and is civilly committed as a Sexually Violent Predator under the Texas Outpatient Civil Commitment statute, Texas Health and Safety Code Chapter 841. Prior to being arrested and confined in the Tarrant County Jail, Plaintiff resided at the Ft. Worth Transitional Center from March 8, 2012 through March 9, 2012. The facility is a secured Residential Facility under contract with the Texas Department of Criminal Justice (hereafter "TDCJ"). Prior to being transferred to Ft. Worth, Plaintiff resided at Multi-Use-Facility, El Paso, Texas from October 25, 2011 through March 8, 2012. The facility is a secured Residential Facility under contract with TDCJ. Both facilities are operated and owned by Avalon Correctional Services, Incorporated.

7.    Defendant Allison Taylor (hereafter "Defendant Taylor") is the Executive Director for Office of Violent Sex Offender Management (hereafter "OVSOM"). Defendant Taylor is responsible for the Daily Administration and operation of the Outpatient Sexually

4.

Violent Predator Treatment program. Policy and procedure for the Outpatient Sexually Violent Predator Treatment program, Administrative Directive 1.5, 1.6 ("hereafter Admin Der.") See Appendix, Exhibit "A" Administrative Directives specified herein. Defendant Taylor is being sued in her official and individual capacities. Defendant Taylor is being sued in her official capacity as an agent of the State of Texas.

8.   Brian Costello (hereafter "Defendant Costello") is President of Avalon Correctional Services, Incorporated where Plaintiff was housed and subjected to unconstitutional conditions of confinement and retaliated against for exercising his federal constitutional right to grieve and seek remedy by way of filing lawsuit. Defendant Costello is being sued in its official and individual capacity

9.   Greg Basham (hereafter "Defendant Basham") is the Facility Administrator of the Fort Worth Transitional Center and he is responsible for the day-to-day operations of the facility. Defendant Basham is being sued in his official and individual capacity.

10.   Carlos Morales (hereafter "Defendant Morales") is the Facility Administrator of the Multi-use facility in El Paso, Texas and he is responsible for the day-to-day operations of the facility. Defendant Morales is being sued in his official and individual capacity.

11.   Deana Lemon (hereafter "Defendant Lemon") is a program

5

Specialist/Case Manager hereafter ("Case Manager") with the Office of Violent Sex Offender Management (OVSOM) and is Accountable to and Reports to Defendant Taylor. Admin. Dir. 7.8. Defendant Lemon oversees Treatment and Supervision. Defendant Lemon is Responsible for the day-to-day oversight of Commitment clients; Enforces clients' Supervision Requirements and monitor clients via Global Positioning Satellite (GPS) Monitoring. Admin. Dir. 7.4, 7.8. Defendant Lemon is being sued in her official and individual capacity as an Agent of the State of Texas.

## Preliminary Statement

12. The civil commitment of Sexually Violent Predators in Texas is unique, in that its the only "outpatient" civil commitment program in the United States, and does not mandate confinement, Per se. Civil commitment clients are housed in several secured community residential facilities across Texas. Plaintiff challenges the nature and conditions of confinement and the manner of implementation of the outpatient civil commitment program under Texas Health and Safety Code chapter 841. Plaintiff and other civil commitment clients have a statutory created liberty interests as "outpatients," as well as substantive due process and other Rights under the United States constitution. Plaintiff alleges claims against the Defendants under the statutory premise that civil commitment clients are "outpatients" (hereafter "clients").

6

13.    OVSOM imposes and enforces rules and living conditions that substantially restrict all of Plaintiff's and other clients' liberty interest and subject them to punishment under the auspices of the civil commitment statutes. OVSOM deprives Plaintiff and other clients of their civil rights without due process of law, violate equal protection, privacy, speech, Ex Post Facto, and illegally confines. The above action does not comport to the Fourteenth Amendment to the United States Constitution where those involuntarily civilly committed are concerned. Plaintiff seeks redress and vindication of these rights, as well as judicial implementation of protection to safeguard these rights in the future.

FACTS SPECIFIC TO PLAINTIFF

14.    On November 2, 2010, the 435th District Court of Montgomery County, Texas issued an Order of Commitment and Final Judgment in Cause #10-03-02609-CV indicating Plaintiff to be a sexually violent predator that required outpatient treatment and supervision upon being released from a secured correctional facility.

15.    Plaintiff was convicted and sentenced to fifteen years January 13, 1998, in the 72nd District Court of Lubbock County, Texas in cause numbers 96-422,093 and 97-425,192 for the offense of sexual assault. Plaintiff's sentence begin date was October 26, 1996 and ceased on October 25, 2011.

7.

16. Plaintiff was released from prison October 25, 2011 and placed into the custody of the Office of Violent Sex Offender Management to start the Outpatient Sexually Violent Predator Treatment Program.

17. Plaintiff was transported/escorted to El Paso County, Texas to be confined at the Multi-Use-Facility-Avalon Correctional Services, Incorporated. This facility operates under contract with TDCJ.

18. This facility houses prisoners/parolees as well as civil commitment clients. Plaintiff and other clients are forced to live amongst prisoners/parolees and ordered to be program. The rules are inherited from and monitored by TDCJ.

19. Plaintiff while in El Paso brought about several complaints for himself and other clients by way of grievance or through correspondence concerning confiscation of property without due process, excessive search and seizure, medical, food/nutrition, squalid living conditions, exposure to human feces, lack of privacy, harassment from staff members and prisoners/parolees and an inadequate grievance procedure.

20. On November 15, 2011, Plaintiff contacted Nancy Bunin, Attorney for State Counsel for Offenders by letter, informing her of problems that existed at the El Paso Facility.

21. In January 2012, Nancy Bunin and Barbara Conley began to

8.

Intervene on behalf of clients concerning the numerous amount of complaints at the facility and against Program Specialist/Case Manager Diana Lemon. During this time frame when Plaintiff and other clients were contacted by State Counsel for Offender Attorneys, we were denied attorney client confidentiality by Avalon staff on numerous occasions.

22.    In February 2012, Plaintiff and other clients were moved from one area to another where we were without adequate electrical outlets. Plaintiff as well as another client, John G. Warren contacted Avalon's Home Corporate Office in Oklahoma City, to make them aware that we were without electricity, we lived within this condition for about 10 days. As a result of this the Retaliation became worse by Avalon Employees. Plaintiff's Legal Material had been rifled through and a document sent from State Counsel for offenders concerning Lawsuit under 1983 had been gone through as well.

23    February 13, 2012, Plaintiff sent a letter to Avalon's Home Office in Oklahoma City, implicating a lawsuit against the facility in El Paso for violating the conditions of Plaintiffs and other clients' conditions of confinement. Exhibit "C"

24.    February 15, 2012, Plaintiff spoke with Case Manager Diana Lemon and she made it clear that Plaintiff and other clients had signed an agreement to follow Avalon rules and that it meant grievance procedures as well. Plaintiff informed Case Manager that according to Prison Litigation Reform Act 1996 (PLRA) that he and other clients

were not required to follow an institutional grievance procedure. Case Manager was adamant that anymore grievances or complaints filed to Oklahoma City and found to be frivolous would result in violations being issued.

25.      February 22, 2012, Plaintiff was called out to speak with a Mr. Patrick Sullivan who was handling complaint sent to Oklahoma City on February 13, 2012. Mr. Sullivan within a three minute span concluded that all issues raised within the February 13, 2012 complaint was frivolous. He then made it clear to Plaintiff that he would not be at the El Paso facility much longer. Also during this meeting, Plaintiff was made aware that Mr. Donald Smith was no longer the President and that the new president of Avalon was Brian Costello.

26.      March 5, 2012, Plaintiff wrote a letter to Mr. Costello and enclosed within it the letter dated February 13, 2012 that was sent to Mr. Smith. This letter also had implications of filing a lawsuit against Avalon.

27.      March 5, 2012, Plaintiff wrote a letter to Ms. Bowen informing her that the retaliation had gotten worse and of the threats made by Case Manager.

28.  March 7, 2012, Plaintiff was officially informed by Treatment Provider Norma Reed that he was being transferred from El Paso to Ft. Worth, Texas.

29. March 8, 2012, Plaintiff and another client, Nathan Allen was transported by State Police from El Paso to Ft. Worth under guard. Clients were escorted separately at rest stops.

30. Prior to leaving El Paso Plaintiff had no written or verbal violations from CVSOM or from Avalon Correctional Services.

31. March 8, 2012, Plaintiff arrived at the Ft. Worth Transitional Center where he was met by Case Manager Clem Washington. Thereafter Mr. Washington went over paperwork for outpatient treatment program.

32. Plaintiff was assigned to a room that housed six people. The room was roughly 16x16, which is far less than the forty (40) square feet per person constitutionally required for inmates in prison. Plaintiff was without anywhere in which to store his property. No dresser, locker, or closet. The room is unsecured at all times and property is subject to vandalism and theft. Due to property not being properly stored, Plaintiff's property is subject to confiscation by Avalon staff.

33. March 9, 2012, Plaintiff was summoned to see a Ms. Garcia and she initiated in-processing by taking picture for ID and signature of other paperwork. At no time did Ms. Garcia go over the intake package rules. She informed Plaintiff that on Monday orientation would be completed.

//.

34.     Plaintiff returned to living area to go over Intake Package with signature. Shortly Thereafter, Security asked Plaintiff for Intake Package. Security went Through Intake package and told Plaintiff that he had to sign his signature to all of the Rules whether Plaintiff agreed or disagreed.

35.     Plaintiff attempted to Explain to Security That he needed better clarification of Rules prior to affixing his signature to Intake package.

36.     Security contacted Assistant Administrator Serrano concerning the matter and Plaintiff sought clarification of some of the Rules at that time as well, but to no avail.

37.     Mr. Serrano contacted Case Manager Clem Washington by telephone and explained to him the situation. Plaintiff Then spoke to case manager and case manager specifically told Plaintiff to hold on, That He would be There shortly to go over Rules.

38.     Plaintiff was Informed by Mr. Serrano per Mr. Basham, That Plaintiff could not wait for case manager's arrival and had to sign Right Then and There.

39.     Plaintiff insisted on waiting for case manager before affixing signature to intake package due to Avalon Security and Administration Refusing to clarify Rules.

40. Plaintiff mentioned filing suit against Avalon at El Paso concerning the same rules Plaintiff sought clarification of in Ft. Worth.

41. Mr. Serrano conveyed this information to Mr. Basham over the phone. Mr. Serrano then ordered someone to contact a Missy Adams.

42. Case manager arrived shortly thereafter and told Plaintiff that Mr. Basham had called Austin and rejected Plaintiff from his facility and that it was out of his hands.

43. Plaintiff states that at no time did he refuse to complete intake package with signature. Plaintiff simply sought clarification of Halfway house/prison rules as to how they applied to Plaintiff and other clients that had discharged prison sentences, prior to applying signature.

44. Plaintiff returned to Mr. Serrano's office about an hour later and was provided three large trash bags. Mr. Serrano at that time informed Plaintiff that he would more than likely be arrested and should use bags to pack property.

45. Plaintiff returned to living area to pack property so that it would not be subjected to theft.

46. Shortly thereafter Mr. Basham entered Plaintiff's room

13

and began yelling and screaming that he would not tolerate plaintiff causing problems at his facility like he did in El Paso. That he had been contacted by people in El Paso that said plaintiff would be a problem, and that he would not tolerate plaintiff contacting Oklahoma City under no circumstances.

47. March 9, 2012, plaintiff was arrested pursuant to warrant number 25625 by the Department of Public Safety, which Defendant Taylor approved. Plaintiff was confined at the Tarrant County Jail for violating conditions of civil commitment requirement.

48. April 25, 2012, plaintiff was indicted in state's cause 1274825 for violating conditions of civil commitment requirement by failing to complete intake package with signature as required by a course of treatment and failing to obey direct order from halfway house to complete intake package with signature.

49. This penalty is of the third degree and carries a punishment of two (2) to ten (10) years in prison and can be enhanced to two to twenty (20) years in prison.

50. Plaintiff is being retaliated against by GUSOM and Avalon Correctional Services, Incorporated for filing complaints, grievances, and court pleadings for

and other clients. Plaintiff has done nothing more than exercised his First and Fourteenth Amendment rights to Freedom of Speech and seek Constitutional correction concerning the conditions of confinement for Plaintiff and other clients.

## CONDITIONS OF CONFINEMENT

51.   The Avalon facilities in El Paso and Ft. Worth, Texas are Secured Residential Facilities that houses TDCJ prisoners/parolees as a condition of release on parole or mandatory Supervision to serve a period in a "Community Residential Facility."

52.   The Pardons and Paroles Division confines some mandatory Supervisees [and parolees] in Halfway Houses as a component of Texas' overall scheme of imprisoning and reforming felons and then reintegrating them into society. Maximum Term of a Mandatory Supervisee/Parolee's confinement in a Halfway House/Secured Residential Facility is the amount of time remaining on the sentence for his crime/vel Violation.[1]

53.   The Avalon facilities within both locations are Subject to TDCJ's Rules, Policies and Procedures.

1. JACKSON v JOHNSON, 475 F.3d 261, 267 (5th Cir. 2007)

1.5

54. Parole and Mandatory Supervision Releases are housed at these type of Residential facilities as a result of their criminal convictions are prisoners. [2]

55. The El Paso Facility is surrounded by razor wire, equipped with surveillance cameras inside and outside facility, secure ingress and egress, conducts daily random searches of facility residents and their property, including clients, conducts several "counts" [3] within a 24 hour period, and restricts facility residents' property according to TDCJ rules, including clients. Plaintiff and other clients are housed in dorms with prisoners and live within close proximity of each other. Clients and prisoners alike share the same community shower, community restroom, same eating area, eat the same food, share the same recreational areas (simultaneously), same pill window line and same laundry area and appliances. Clients are under the same security staff, are subject to hourly security walk-throughs, are subject to random pat downs of their persons and random searches of their rooms and personal properties. Clients are subject to urinalyses and breathalyzers at all hours of the night. Drugs of all sorts, K2 and alcohol are used, bought, sold and traded on a regular basis by the TDCJ residents. If and when clients are allowed to leave the facility, they too are searched upon return and ordered to remove shoes at times.

2. Jackson v Johnson Supra
3. Count is when all residents must return to bunks and remain there while security staff verifies facility count is clear (correct).

16

56. The Ft. Worth Facility operates very similar to the El Paso Facility, with differences being that the Ft. Worth Facility is walled in completely with razor wire, no cameras inside of living area. No community shower and restrooms. However, six people are housed in the same room.

57. Under the outpatient civil commitment program as implemented, all of the important and finest aspects of Plaintiff's life are controlled by OVSOM. OVSOM forces clients to abide by their non-judicial laws or rules with the threat of severe punishment of prosecution. Within many instances OVSOM laws or rules transgresses the boundaries of Plaintiff's and other clients federal constitutional rights. These laws or rules are promulgated from within without any legislative or judicial authorization.

58. The threat of sanction and prosecution is imminent and clients must obey case managers in all instances such as disclose all financial information, allow OVSOM to regulate freedom of speech, regulate all travel, obey case managers prepared weekly schedule, to remain in a secure residential facility, disregard all educational programs, disregard constitutional right to law library, review and censor all mail (incoming), regulate human contact from family and friends that are familiar with Plaintiff's current status, and prohibit possessing pictures of Plaintiff's own family, OVSOM prohibits Plaintiff from seeking employment, however, maintains that Plaintiff must pay medical expenses, including dental,

GPS Monitoring fees and Exorbetant Transportation fees to any engagement thats not medically or program related. Fenances sent from family or friends are expected to be utelezed by the client for all of his essential and nonessentual needs, Although involuntarily civilly commetted and confened. If plaintiff or other clients schedule a medical appointment through case manager and its discovered that client is without funds, its a violation for not meeting fenancial obligation. This issue dereves from transportation contractor having made a wasted trip.

59.    While within this confened state OVSOM has yet to provide plaintiff and other clients proper nutretious food, shelter, clothing, medical care and reasonable safety.[4]

60.    Plaintiff while at El Paso facelety, OVSOM only permetted plaintiff to leave facelety for scheduled medical visits and program treatment. Otherwise, plaintiff was confened within facelety 24 hours a day.

61.    Plaintiff was unsuccessfully descharged from treatment without notice or an opportunety to respond before beeing crtimnally prosecuted. Administrative directive S.8 provides a "staffing and review" clients are not involved and the "team shall decide if the client is descharged." Plaintiff has yet to be provided the reason for being unsuccessfully descharged.

4. DeShaney v Winnebago County Dept. of Socsal Servsces, 498 U.S. 189 (1989).

18.

62.     It is Plaintiff's belief that he is entitled to due process under the Fourteenth Amendment before being arrested, confined, and subjected to prosecution. It is Plaintiff's belief that he and other clients are protected under the Fourteenth Amendment to not be subjected to conditions of confinement that amount to punishment.[5]

63.     It is Plaintiff's belief that he and other clients are denied their First Amendment right to freedom of speech, freedom of religion and thought by OVSOM. This also includes the right to speak freely and the right to refrain from speaking at all.[6]

64.     On information and belief, a substantial amount of clients have been forced to forfeit their Fourteenth right to access the courts and some have suffered from procedural bars that exist within state and federal courts.[7] Some clients have had Anders briefs filed by attorneys which resulted in clients being denied the right to a first and meaningful appeal.[8]

65.     Plaintiff and other clients are being forced to utilize a grievance procedure that is strictly tailored for prisoners. The grievance procedure is monitored by TDCJ and is not

5   5. Bell v Wolfish, 441 U.S. 520 (1979)
    6. W. Va. State Bd. of Educ. v Barnette, 319 U.S. 624 (1943)
    7. Bounds v Smith, 430 U.S. 817 (1977)
    8. Evitts v Lucey, 469 U.S. 387 (1985)

Applicable to those involuntarily civilly committed.[9]

66.     Plaintiff and other clients while in El Paso had their property confiscated without due process. Plaintiff had correspondence confiscated by Defendant Lemon due to person not being on Plaintiff's approved list. Plaintiff had property confiscated by Avalon due to not having adequate space in which to store property.

67.     Plaintiff and other clients have been denied medical and dental care by Avalon and OVSOM while in their custody and care. January 2, 2012, Plaintiff suffered a broken tooth and was forced to go without proper dental care due to not having funds. Avalon did not provide any temporary pain relief and OVSOM was deliberate and indifferent to Plaintiff's medical condition.[10] Plaintiff went 37 days in pain before he was able to pay for dental care at a local clinic. During this period Plaintiff was not afforded permission to leave facility to purchase temporary pain medication such as Tylenol, Aspirin, I-B, Proten or oral Jel. OVSOM does not assist with finances to meet Plaintiff's or other client's medical needs. Plaintiff was forced to spend money sent to him by friends. Plaintiff is prohibited from seeking employment.

9. Jackson v Johnson, 475 F. 3d at 266
10. Estelle v Gamble, 429 U.S. 97 (1976)

20.

68.    Plaintiff and other clients were forced to live in
"restrictive and denegrating" conditions while at Avalon in
El Paso, where they were exposed to feces, urine, vomit,
spit and blood in bathroom, shower, and recreation/smoke area.
Prisoners/parolees that suffered from staph, cancer and other
debilitating diseases used restroom, shower and general
living area, without Avalon taking the appropriate measures
in making sure that plaintiff's and other clients' health were
not at risk. Prisoners/parolees are allowed to work in the
facility kitchen, assisting in preparing food without
being tested for infectious maladies such as hepatitis,
veneral diseases, and other communicable diseases that present
a serious health risk to plaintiff and other clients.

69.    Plaintiff and other clients were subjected to verbal and
physical abuse by prisoners/parolees due to being labeled
sexually violent predators. Plaintiff and other clients
cannot defend themselves due to threat of prosecution and
fear of being sent to prison. Whereas the only consequences
for prisoners/parolees are intermediate sanction facility (ISF)
or revocation of parole. Plaintiff faces a third degree felony
punishable by 2-10 years in prison, and possibly more if enhanced.
The fourteenth amendment guarantees plaintiff and other
clients substantive due process and protects against future
harm to health, as well as present harm."

70.    Plaintiff has been retaliated against by OISDM and Avalon

11. Helling v McKinney, 509 U.S. 25 (1993)

21.

for exercising his First Amendment right to seek clarification of prison rules prior to applying signature to intake package and for threatening to file a lawsuit against Avalon for violating federal constitutional rights.[12]

71.    Texas Health and Safety Code §841.082 criminalizes constitutionally protected speech to the point where plaintiff and other clients are not free to express themselves due to fear of incarceration and prosecution.[13]

72.    Plaintiff and other clients are subjected to unreasonable searches and seizures and retaliatory searches of their possession, and to arbitrary seizure of personal belongings upon arrival at halfway house/prison facility. Plaintiff believes that his Fourth Amendment right to be secure against unreasonable searches and seizures as a non-prisoner, is far greater than what it extends to incarcerated prisoners.

73.    Plaintiff and other clients are being treated more restrictively than other outpatient clients that are civilly committed. The conditions are more punitive than that of those who are outpatients. For example, other outpatient civilly committed persons are allowed to work, attend religious services of choice without government interference.

12. Colson v Grothman, 174 F.3d 498 (5th Cir. 1999)
13. Shelton v Tucker, 364 U.S. 479 (1960). NAACP v Button, 371 U.S. 415 (1963) and Alexander v United States, 509 U.S. 544 (1993)

RECEIVE CORRESPONDENCE FROM FAMILY AND FRIENDS, ENTER INTO A COMMITTED MONOGAMOUS RELATIONSHIP, PUBLIC RECREATION (SUPERVISED OR UNSUPERVISED) PROCREATION AND A HOST OF OTHER FUNDAMENTAL RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION.

74.     ON INFORMATION, THE DEFENDANTS AT OVSOM BOAST OF HAVING THE ONLY CIVILLY COMMITTED OUTPATIENT PROGRAM FOR SEXUALLY VIOLENT PREDATORS IN THE UNITED STATES. AT THE INCEPTION OF TEXAS' SEXUALLY VIOLENT PREDATOR ACT (1999) THIS STATEMENT MAY HAVE HAD SOME VALIDITY TO IT. HOWEVER, SINCE 2003 through THE PRESENT, PLAINTIFF AND OTHER CLIENTS ARE CONFINED IN SECURE RESIDENTIAL FACILITIES ANYWHERE FROM 4 to 5 days AT A TIME, 24 hours A DAY. CONFINEMENT WITHIN A SECURE RESIDENTIAL/COMMUNITY RESIDENTIAL OR HALFWAY HOUSE FACILITY AMOUNTS TO CONFINEMENT.[14] THESE FACILITIES ARE UNDER CONTRACT WITH TDCJ AND ARE CONSIDERED CONFINEMENT BY TEXAS PENAL STATUTE[15] AS WELL.

75.     ON INFORMATION, OVSOM IS OF THE BELIEF that LIBERTY RESTRAINTS ON TEXAS' SEXUALLY VIOLENT PREDATORS IS FAR LESS RESTRICTIVE, THEN IF THEY WERE CONFINED IN A SECURE FACILITY IN KANSAS.[16] FOR PLAINTIFF AND OTHER CLIENTS, THE CONFINEMENT SCHEME IN TEXAS IS FAR MORE RESTRICTIVE AND INTRUSIVE THAN THE INPATIENT PROGRAMS. IN TEXAS PLAINTIFF AND CLIENTS ARE DENIED MEDICAL, PSYCHIATRIC,

14. JACKSON V JOHNSON, 475 F.3d AT 265-66

15. TEXAS PENAL CODE § 1.07 (4)(C)

16. IN RE FISHER  164 Sw3d 637 (TEX. 2005)

23

PSYCHOLOGICAL, DENTAL CARE AND SUBJECTED TO CRIMINAL PROSECUTION WHILE WITHIN A CONFINED STATE. PLAINTIFF AND OTHER CLIENTS ARE DENIED EQUAL PROTECTION, EVEN WITHIN THE INPATIENT SCHEME, AS COMPARED TO CONSTITUTIONALLY CIVILLY COMMITTED PROGRAMS THROUGHOUT THE COUNTRY FOR SVP. PLAINTIFF AND OTHER CLIENTS ARE SUBJECTED TO ADMIN. DIR. 7.14, WHICH CLEARLY LIMITS THEM TO THE CONFINES OF THE FACILITY AND SUBJECTS PLAINTIFF AND CLIENTS TO RULES, REGULATIONS, AND POLICIES THAT ARE STRICTLY TAILORED FOR PUNITIVE PURPOSES. EVEN WITHIN THIS SITUATION, PLAINTIFF AND CLIENTS ARE DENIED EQUAL PROTECTION BECAUSE THE PENALTIES FOR VIOLATING RULES, REGULATIONS, AND POLICIES ARE NOT THE SAME. PLAINTIFF AND OTHER CLIENTS ARE SUBJECTED TO CRIMINAL SANCTIONS UPON VIOLATION OF RULES, WHEREAS THEIR COUNTERPARTS SUFFER NO SUCH HARM THATS EVEN REMOTELY CLOSE.

76.    PLAINTIFF AND OTHER CLIENTS MAY NOT CONSTITUTE A SUSPECT CLASS, HOWEVER, HEIGHTENED SECURITY MAY BE REQUIRED WHERE FUNDAMENTAL INTEREST ARE AT ISSUE.[17] AT THE VERY LEAST, PLAINTIFF AND OTHER CLIENTS ARE TO BE PROVIDED MORE CONSIDERATE TREATMENT AND CONDITIONS OF CONFINEMENT THAN PRISONERS/PAROLEES WHOSE CONDITIONS OF CONFINEMENT ARE DESIGNED TO PUNISH.[18]

77.    PLAINTIFF AND OTHER CLIENTS HAVE BEEN SUBJECTED TO

17. HARPER V. VA. STATE BD. OF ELECTIONS, 383 US. 663 (1966)

18. YOUNGBERG V ROMEO, 457 US. 307, 322 (1982)

24.

constant and continuous confinement upon release from TDCJ. For example, Plaintiff discharged his fatten(15) year sentence October 25, 2011. However, Defendant Taylor specifically called for further confinement. According to Admin. Dir. 7.14 Plaintiff is limited to the confines of a secure "Community Residential Facility/Halfway House" which is nothing more than a place to house Prisoners/Parolees that are there as a result of their criminal convictions.[19] Plaintiff and other Clients are being deprived of life, liberty, and property without due process of law.[20]

78.     On information and belief Defendant Taylor has a policy, practice and procedure that imposes criminal sanctions against Plaintiff and other clients for failing to obey civil commitment conditions. This violates the Ex Post Facto Clause of the Fourteenth Amendment.

79.     Plaintiff does not seek release from the civil commitment requirement nor does he suggest that it is unconstitutional when properly enacted.

80.     On information and belief, the freedom from confinement is supposed to outweigh criminal sanctions.[21] The Defendant has enacted policy, practice and procedures that

19. Jackson v Johnson, supra; Tex. Pen. Code § 1.07(14)(c)
20. Vitek v Jones, 445 U.S. 480 (1980)
21. In Re Fisher, 164 Sw3d 637 (Tex. 2005)

25

allow for criminal sanctions against sexually violent predators that are confined. Even if no claim exist for violation of Ex Post Facto, Plaintiff and other clients cannot be subjected to conditions that amount to punishment.[22]

CAUSATION

81.      Defendants Taylor and Lemon are not mental health professionals or attorneys and cannot ensure that Plaintiff is afforded constitutionally adequate conditions of confinement and mental health treatment. Prior to this complaint, Defendant Taylor had the power and duty to afford Plaintiff constitutionally adequate outpatient mental health treatment, conditions of confinement and or genuine outpatient conditions.

82.      Defendant Taylor failed to on a continuing basis, properly instruct, supervise, control, and discipline Defendant Lemon in her duties; illegally directed the retrospective application and enforcement of punitive criminal sanctions while confined, without judicial imposition and constitutional safeguards. Prior to this complaint Defendant Taylor had the power and duty to properly instruct, supervise, control and correct violations but failed to do so.

83.      Defendant Taylor has policies, penalties and procedures

22 Bell v Wolfish, 441 U.S. At 536

26.

That allow continuous confinement after discharging prison sentence; retaliating by having plaintiff arrested, confined and subjected to malicious prosecution for exercising First Amendment right to seek clarification of prison rules prior to completing intake package with signature; conspire with other defendants in violating plaintiff's civil and federal constitutional rights due to plaintiff seeking redress of prison rules and unconstitutional conditions of confinement, filing grievances and complaints for other clients. Prior to this complaint, Defendant Taylor had the power and duty to properly instruct, supervise, control, discipline and correct violations but failed to do so.

84. Defendant Lemon, Case Manager, enforced the Defendants' illegally created and imposed confinement requirements rules and conditions; threatened to punish plaintiff for making formal complaints to Avalon's Home office, was deliberate and indifferent to plaintiff's dental, where plaintiff was refused by Defendant Lemon to seek emergency dental care. Plaintiff was without dental treatment for 37 days, nor was he provided temporary pain relief. Defendant Lemon was aware that plaintiff's and other clients' conditions of confinement were inadequate and that they were harassed and retaliated against but did nothing to protect or defend. Defendant Lemon had the power and duty to seek correction but failed to do so prior to this complaint.

85. Defendant Costello failed to on a continuing basis to properly instruct, supervise, control and discipline Defendant employees in their duties to know that plaintiff and other clients

27.

ARE ENTITLED TO MORE CONSIDERATE TREATMENT AND CONDITIONS
OF CONFINEMENT THAN PRISONERS/PAROLEES whose CONDITIONS ARE DESIGNED
TO PUNISH; ALLOWED AVALON ADMINISTRATOR, DEFENDANT BASHAM to
ISOLATE PLAINTIFF'S CIVIL AND FEDERAL CONSTITUTIONAL RIGHTS BY
RETALIATING AGAINST PLAINTIFF FOR EXERCISING HIS FIRST
AMENDMENT Right TO FILE SUIT AGAINST AVALON; ALLOWED
DELIBERATE AND INDIFFERENCE to PLAINTIFF'S dENTAL NEEDS BY
NOT PROVIDING APPROPRIATE DENTAL CARE, IF NOT GOING TO APPLY
EMERGENCY TRANSPORTATION; INADEQUATE SPACE FOR PROPERTY SO that
its PROTECTED FROM theft, VANDALISM AND UNCONSTITUTIONAL
CONFISCATION BY STAFF, PROPER RECREATIONAL AREA; AND
INADEQUATELY PREPARED food that LACKS QUALITY AND QUANTITY.
PRIOR TO this COMPLAINT DEFENDANT COSTELLO had the POWER AND duty to
PROPERLY INSTRUCT, SUPERVISE AND CONTROL EMPLOYEES UNDER HIS
DIRECTION but FAILED TO do SO.

86.   Defendant BASHAM, FACILITY ADMINISTRATOR, AVALON FT. WORTH
TRANSITIONAL LIVING CENTER IS NOT AN ATTORNEY AND CANNOT
ENSURE that PLAINTIFF IS AFFORDED CONSTITUTIONALLY ADEQUATE
CONFINEMENT, TO the POINT WHERE PLAINTIFF CAN EXERCISE HIS
FREEDOM OF SPEECH UNDER the FIRST AND FOURTEENTH AMENDMENTS
WITHOUT BEING RETALIATED AGAINST for doing SO. PLAINTIFF SOUGHT
CLARIFICATION OF RULES PRIOR TO COMPLETING INTAKE PACKAGE AND
EXPRESSED HIS INTENTIONS TO FILE A LAWSUIT AGAINST AVALON;
DEFENDANT BASHAM did IN FACT INTERFERE WITH PLAINTIFF'S
TREATMENT, WHEN PLAINTIFF had BEEN GIVEN INSTRUCTIONS BY
CASE MANAGER CLEO WASHINGTON to WAIT FOR HIS ARRIVAL TO GO OVER
INTAKE form. PRIOR TO THIS COMPLAINT DEFENDANT BASHAM had the POWER

and duty to correct violations but failed to do so.

87. Defendant Morales, Facility Administrator, Avalon-El Paso Multi-use Facility is not an attorney and cannot or did not ensure that Plaintiff and other clients were afforded constitutionally adequate confinement to the point where Plaintiff and other clients were subjected to confiscation of property without due process, lack of medical attention, dental and mental health services, inadequately prepared food which at times consisted of rotten and freezer burnt food, subjecting clients to exposure of feces, urine, vomit, spit and blood in shower area, toilet seats and recreational/smoke area, excessive search and seizure by waking clients up out of their sleep at 23:45 hours for breathalyzers and urinalysis. Also searching clients' legal and program material to the point where they are reading it, subject clients to inadequate transportation to and from treatment by placing all of clients in a small passenger van where they do not sit with the benefit of seat belt protection and lack of recreational space.

## LEGAL CLAIMS

### CLAIM 1: VIOLATION OF SUBSTANTIVE DUE PROCESS

88. Defendants Taylor and Lemon failed to provide Plaintiff and other clients their substantive due process right to constitutionally adequate mental health treatment and conditions of confinement as required by the Fourteenth Amendment.

(1)(a) Defendants knowingly, recklessly or with gross negligence, through policies, practices, and procedures violated clearly established federal law that was well settled at the time of this complaint, failed to provide Plaintiff and other clients constitutionally adequate conditions of confinement and mental health treatment. Defendants on a continuing basis, violates Plaintiff's substantive due process rights under the Fourteenth Amendment. Plaintiff re-alleges and incorporate by reference paragraphs 14-87.

(1)(b) Defendants Costello (President), Basham and Ashlee Facility Administrators for Avalon Correctional Services, Incorporated, through company policy, practice, and procedures, whether knowingly or with gross negligence violated clearly established federal law by failing to afford Plaintiff and other clients their constitutional protections. Plaintiff and other clients were denied constitutional conditions of confinement while in El Paso and Plaintiff was retaliated against by Defendant Basham for exercising his First Amendment right to address, seek clarification of prison rules prior to completing intake paperwork with signature, and for threatening to file a lawsuit against Avalon. Plaintiff's substantive due process rights under the Fourteenth Amendment were violated. Plaintiff re-alleges and incorporate by reference paragraphs 14-87.

23. ANDERSON V CREIGHTON, 483 U.S. 635 (1987); NELSON V LAYNE, 526 U.S. 603 (1999).

30.

CLAIM 2: UNCONSTITUTIONAL PUNISHMENT

(2)   Defendants unconstitutionally punished Plaintiff
and other clients in violation of the Fourteenth
Amendment.

(2)(a) Defendants knowingly housed Plaintiff and other
clients in a punitive environment with persons who are
prisoners.[24] Plaintiff was confined at the El Paso facility 154
days and one day at the Ft.Worth facility and could not
leave either facility without the permission of case
manager. Plaintiff is not on parole and is being
unconstitutionally punished by being forced to reside with, and
abide by the same punitive rules as persons serving the
remainder of their sentences on mandatory supervision or
parole with an active sentence. The Defendants knew of the
substantive risk of serious harm to clients under this policy
of housing Plaintiff and clients with prisoners. This policy
created an unsafe environment and substantial risk, where
Plaintiff and other clients could be injured. Plaintiff
realleges and incorporates by reference paragraphs 16, 51-60.

(2)(b) Defendants knowingly violated Plaintiff's
constitutional Right to be freed upon completion of a sentence,[25]
which expired October 25, 2011. Plaintiff was transported

24. Jackson v Johnson, supra

25. Jones v City of Jackson, 203 F.3d 875 (5th Cir. 2000).

AND PLACED WITHIN ANOTHER SECURED CORRECTIONAL FACILITY. ON MARCH 8, 2012, PLAINTIFF WAS TRANSFERRED AND TRANSPORTED UNDER GUARD BY STATE POLICE TO ANOTHER SECURED CORRECTIONAL FACILITY IN FT. WORTH, TEXAS. PLAINTIFF REALLEGES AND INCORPORATE BY REFERENCE PARAGRAPHS 16, 18, 51-77.

(2)(c) Defendants KNOWINGLY SUBJECT PLAINTIFF AND OTHER CLIENTS TO UNSUCCESSFUL DISCHARGE FROM TREATMENT AND FELONY COMPLAINTS FILED PURSUANT TO TEX. HEALTH AND SAFETY CODE § 841.085 FOR FAILURE TO COMPLY WITH LEVEL COMMITMENT, MANY TIMES BASED PRIMARILY UPON ALLEGED VIOLATIONS OF ILLEGAL REQUIREMENTS AND RULES CREATED, IMPOSED AND ENFORCED BY DEFENDANTS. THESE CHARGES ARE UNCONSTITUTIONALLY PUNITIVE AS THEY ARE BASED UPON WHAT AMOUNTS TO MERE TECHNICAL VIOLATIONS UPON OUR COUNTERPARTS. PLAINTIFF REALLEGES AND INCORPORATE BY REFERENCE PARAGRAPH 61.

CLAIM 3: VIOLATION OF PROCEDURAL DUE PROCESS

(3)   Defendants DEPRIVE PLAINTIFF AND OTHER CLIENTS OF PROCEDURAL DUE PROCESS UNDER THE FOURTEENTH AMENDMENT.

(3)(a) Defendants KNOWINGLY HOUSED PLAINTIFF AND OTHER CLIENTS WITHIN THE CONFINES OF THE MULTI-USE-FACILITY (ELPASO) AND FT. WORTH FACILITIES, WHICH ARE NOT OUTPATIENT FACILITIES. THIS CONFINEMENT IS ARBITRARY AND MATERIALLY ALTER THE "OUTPATIENT" NATURE OF CIVIL COMMITMENT UNDER

TEXAS HEALTH AND SAFETY CODE CHAPTER 841 WITHOUT DUE PROCESS UNDER THE FOURTEENTH AMENDMENT. PLAINTIFF REALLEGES AND INCORPORATE By REFERENCE PARAGRAPHS 51-75.

(3)(b) DEFENDANTS KNOWINGLY HOUSED PLAINTIFF AND OTHER CLIENTS WITHIN THE CONFINES OF SECURE FACILITIES WHERE THE RESTRICTIONS AND LIMITATIONS ON LIBERTY ARE FAR GREATER THAN THEIR COUNTERPARTS, WHOSE BEEN RELEASED ON MANDATORY SUPERVISION AND PAROLE. PLAINTIFF IS NOT ON MANDATORY SUPERVISION OR PAROLE AND WAS NOT AT THESE FACILITIES AS A RESULT OF HIS CRIMINAL CONVICTION. PLAINTIFF'S CONDITIONS OF CONFINEMENT ARE ARBITRARY AND MATERIALLY ALTER THE "OUTPATIENT" NATURE OF PLAINTIFF'S LEVEL COMMITMENT UNDER THE TEX. HEALTH AND SAFETY CODE CHAPTER 841 WITHOUT DUE PROCESS UNDER THE FOURTEENTH AMENDMENT. PLAINTIFF REALLEGES AND INCORPORATE by REFERENCE PARAGRAPHS 51-75.

(3)(c) DEFENDANTS KNOWINGLY SUBJECT PLAINTIFF AND OTHER CLIENTS TO THE CREATION AND IMPOSITION OF HUNDREDS OF ONEROUS AND PUNITIVE REQUIREMENTS WITHOUT DUE PROCESS. NO STATUTORY PROVISION IS MADE FOR THE DEFENDANTS TO IMPOSE AND ENFORCE ANY OTHER REQUIREMENTS RESTRICTING THE LIBERTY OF PLAINTIFF AND OTHER CLIENTS WITHOUT THE NOTICE AND HEARING REQUIRED by STATUTE.[26] THE DEFENDANTS IMPOSE IT ON AND ENFORCEMENT OF ADDITIONAL REQUIREMENTS IS AN ILLEGAL MODIFICATION OF ADDITIONAL SANCTIONS

26. TEX. HEALTH AND SAFETY CODE §841.082

AND IS AN END RUN AROUND THE PURPORTED NON-PUNITIVE
INTENT OF THE LEGISLATURE, VIOLATING PLAINTIFFS
RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT.
PLAINTIFF REALLEGES AND INCORPORATE BY REFERENCE
PARAGRAPH 57.

CLAIM 4:   VIOLATION OF EQUAL PROTECTION

(4)   DEFENDANTS DENY PLAINTIFF AND OTHER CLIENTS EQUAL
PROTECTION.

        DEFENDANTS KNOWINGLY HOUSED PLAINTIFF AND OTHER CLIENTS
WITHIN THE CONFINES OF SECURE FACILITIES WHERE RESTRICTIONS
AND LIMITATIONS ON LIBERTY ARE FAR GREATER THAN THEIR
COUNTERPARTS WHO'VE BEEN RELEASED ON MANDATORY SUPERVISION AND
PAROLE. PLAINTIFF IS NOT ON MANDATORY SUPERVISION OR PAROLE.
AS AN "OUTPATIENT," PLAINTIFF IS ARBITRARILY AND INTENTIONALLY
TREATED DIFFERENTLY THAN HIS COUNTERPARTS AND ANY OTHER
MENTAL HEALTH OUTPATIENT, VIOLATING HIS RIGHT TO EQUAL
PROTECTION UNDER THE LAW AS REQUIRED BY THE FOURTEENTH
AMENDMENT. PLAINTIFF ALLEGES AND INCORPORATE BY
REFERENCE PARAGRAPHS 69-77.

CLAIM 5:  DEPRIVATION OF LIBERTY AND PROPERTY INTEREST

(5)   THE DEFENDANTS BROADLY DEPRIVE PLAINTIFF AND
OTHER CLIENTS AS OUTPATIENTS, OF THEIR CONSTITUTIONALLY PROTECTED
LIBERTY AND PROPERTY INTEREST.

(5)(a)   Defendants knowingly subjected Plaintiff and other clients to felony complaints and prosecution. Constant written and verbal threats of prosecution under Texas Health and Safety Code § 841.085, even embodied in the illegal requirements imposed and enforced by the Defendants, is used to control, confine and prosecute Plaintiff and other clients for exercising constitutional rights. Section 841.085 is vague and overbroad as applied by Defendants. Section 841.085 imposes a serious felony punishment which is subject to enhancement. Because § 841.085 is poorly unconstitutionally defined and delimited, it is used by the Defendants to broadly impair Plaintiff's and other clients' constitutionally protected liberty interest in freedom and exerts a chilling effect on their speech and action, in violation of the First and Fourteenth Amendments. Plaintiff realleges and incorporates by reference paragraphs 57, 58, 61, 62 and 71.

(5)(b)   Defendants knowingly prohibit Plaintiff and other clients from engaging in consensual, intimate relationships, violating their right to privacy, association and right to make decisions regarding legal sexual conduct in violation of the First and Fourteenth Amendments. Plaintiff realleges and incorporates by reference paragraphs 63, 71, and 73.

(5)(c)   Defendants knowingly, recklessly or with gross

NEGLIGENCE, THROUGH POLICY, PRACTICE AND PROCEDURE
VIOLATED CLEARLY ESTABLISHED FEDERAL LAW BY
PROHIBITING PLAINTIFF'S AND OTHER CLIENTS' FAMILIAL
CONTACT AND ASSOCIATION. PLAINTIFF AND OTHER CLIENTS
MUST OBTAIN CASE MANAGER APPROVAL TO HAVE CONTACT WITH
FAMILY MEMBERS AND CLOSE FRIENDS. THE DEFENDANTS
DETERMINE WHO CAN VISIT AND HAVE CONTACT. BY DENYING
PLAINTIFF AND OTHER CLIENTS ACCESS TO THEIR FAMILIES AND
FRIENDS, THE DEFENDANTS BROADLY IMPAIR PLAINTIFF'S
CONSTITUTIONALLY PROTECTED LIBERTY INTEREST IN FAMILIAL
VISITATION AND ASSOCIATION IN A MANNER THAT
SERVES NO LEGITIMATE STATE INTEREST IN VIOLATION
OF THE FIRST AND FOURTEENTH AMENDMENT. PLAINTIFF
REALLEGES AND INCORPORATE BY REFERENCE PARAGRAPHS 13, 57,
58, 73-75.


(52d) DEFENDANTS KNOWINGLY REQUIRE PLAINTIFF AND OTHER
CLIENTS TO SCHEDULE ALL NON-EMERGENCY MEDICAL VISITS AND
ONLY ALLOW A TWO (2) HOUR WINDOW TO VISIT A DOCTOR. PLAINTIFF
AND OTHER CLIENTS ARE FORCED TO RETURN TO THE FACILITY WITHOUT
RECEIVING MEDICAL SERVICES, AND MUST AWAIT THE NEXT
SCHEDULED VISIT TO RECEIVE TREATMENT. THERE ARE TIMES THE
NEXT AVAILABLE CLINIC APPOINTMENT IS SEVERAL MONTHS
LATER. THE DEFENDANTS BROADLY RESTRICT PLAINTIFF'S INTEREST IN
MEDICAL CARE AND BODILY INTEGRITY IN A MANNER THAT IS
DELIBERATELY INDIFFERENT TO HIS MEDICAL NEEDS[27] AND
SERVES NO LEGITIMATE STATE INTEREST.


27. ESTELLE v GAMBLE SUPRA

36.

(51C) THE DEFENDANTS KNOWINGLY, RECKLESSLY, OR WITH GROSS NEGLIGENCE FORBID PLAINTIFF AND CLIENTS to SOCIALIZE WITH ANYONE. THE TREATMENT BEHAVIOR CONTRACT REQUIREMENTS PROHIBIT ASSOCIATING WITH PERSONS HAVING CRIMINAL HISTORIES, YET THE EL PASO AND FT. WORTH FACILITIES ARE SECURED RESIDENTIAL FACILITIES, OCCUPIED BY PRISONERS/PAROLEES. DEFENDANTS OFTEN USE FAMILY MEMBERS CRIMINAL HISTORIES to DENY A CLIENT CONTACT WITH FAMILY MEMBERS. IN ADDITION, THE DEFENDANTS' SUPERVISION REQUIREMENTS AND SUPPLEMENTAL RULES PROHIBIT CONTACT WITH ANYONE WITHOUT CASE MANAGER APPROVAL. CONTACT INCLUDES "BEING IN THE PRESENCE OF ANOTHER PERSON." THE DEFENDANTS BROADLY RESTRICTS PLAINTIFF'S LIBERTY INTEREST IN THE FREEDOM OF SPEECH, ASSOCIATION AND ASSEMBLY IN A MANNER THAT SERVES NO LEGITIMATE STATE INTEREST.

(51F) THE DEFENDANTS KNOWINGLY, RECKLESSLY OR WITH GROSS NEGLIGENCE THROUGH POLICY, PRACTICE, AND PROCEDURE VIOLATED CLEARLY ESTABLISHED FEDERAL LAW BY DENYING PLAINTIFF AND OTHER CLIENTS ADEQUATE ACCESS TO COURTS. PLAINTIFF AND OTHER CLIENTS WERE NOT PROVIDED A LAW LIBRARY, RESEARCH LAWYERS OR ANY FORM OF LEGAL ASSISTANCE WHILE AT THE FACILITIES IN EL PASO AND FT. WORTH. PRISONERS/ PAROLEES ARE AFFORDED MORE MEANINGFUL COURT ACCESS THAN IS PLAINTIFF AS AN OUTPATIENT. IF AND WHEN PLAINTIFF IS ALLOWED ACCESS TO COURTS, IT'S GENERALLY PROVIDED THROUGH PRISONERS/PAROLEES THAT CHARGE A FEE, to go to THE

LAW LIBRARY, FIND AND COPY CASES. PLAINTIFF AND OTHER CLIENTS ARE UNEMPLOYED AND ARE BROADLY DENIED CONSTITUTIONALLY GUARANTEED MEANINGFUL ACCESS TO COURTS IN A MANNER THAT SERVES NO LEGITIMATE STATE INTERESTS. PLAINTIFF REALLEGES AND ENCORPORATE BY REFERENCE PARAGRAPH 64.

(5.9) DEFENDANTS KNOWINGLY THROUGH POLICY, PRACTICE AND PROCEDURE CREATE, IMPOSE, AND ENFORCE BROAD SWEEPING REQUIREMENTS, PROHIBITIONS AND CONDITIONS OF CONFINEMENT THAT DEPRIVE PLAINTIFF AS AN "OUTPATIENT" OF HIS CONSTITUTIONALLY PROTECTED LIBERTY INTERESTS. THE DEFENDANTS CREATE, IMPOSE, AND ENFORCE REQUIREMENTS, PROHIBITIONS, AND CONDITIONS NOT NARROWLY TAILORED TO SERVE A COMPELLING STATE INTEREST. AS AN "OUTPATIENT PROGRAM" THE REQUIREMENTS AND CONDITIONS ARE NOT THE LEAST RESTRICTIVE MEANS TO SERVE THE STATES' COMPELLING INTEREST, IF ANY, THAT REQUIRE THE LIMITATION OF PLAINTIFF'S RIGHT. PLAINTIFF REALLEGES AND ENCORPORATE BY REFERENCE PARAGRAPHS 54-84.

CLAIM 6: RETALIATION FOR EXERCISING CONSTITUTIONAL RIGHTS

(6) DEFENDANTS DEPRIVED PLAINTIFF OF HIS FREEDOM OF SPEECH AS GUARANTEED BY THE FIRST AND FOURTEENTH AMENDMENTS.

(6)(a) DEFENDANT BASHAM ON MARCH 9, 2012 KNOWINGLY, THROUGH POLICY, PRACTICE, AND PROCEDURE VIOLATED

38.

CLEARLY ESTABLISHED FEDERAL LAW BY RETALIATING AGAINST
PLAINTIFF FOR EXERCISING HIS FIRST AMENDMENT RIGHT
TO ADDRESS AND SEEK CLARIFICATION OF PRISON RULES
PRIOR TO APPLYING HIS SIGNATURE. DEFENDANTS ALSO
RETALIATED AGAINST PLAINTIFF BECAUSE HE MADE IT KNOWN
THAT HE WAS ALREADY IN THE PROCESS OF SEEKING CIVIL
REMEDIES AGAINST AVALON CORRECTIONAL SERVICES,
INCORPORATED. DEFENDANT BASHORTS ACTIONS AMOUNT
TO RETALIATION FOR PLAINTIFF'S EXPRESSED INTENT TO NOT
COMPLETE INTAKE APPLICATION WITH SIGNATURE UNTIL PRISON
RULES WERE PROPERLY CLARIFIED AND FOR EXPRESSING HIS
WILL TO SEEK CIVIL ACTION AGAINST AVALON. THEREFORE
VIOLATING PLAINTIFF'S FIRST AND FOURTEENTH AMENDMENT
RIGHTS. PLAINTIFF REALLEGES AND INCORPORATE BY
REFERENCE PARAGRAPHS 35-50.

(6)(B) DEFENDANT TAYLOR DEPRIVED PLAINTIFF OF HIS
FREEDOM OF SPEECH AND RETALIATED AGAINST PLAINTIFF BY HAVING
AN ARREST WARRANT ISSUED AND THEREAFTER CONFINED IN THE
TARRANT COUNTY JAIL AND SUBJECTED TO MALICIOUS PROSECUTION
PURSUANT TO TEX. HEALTH AND SAFETY CODE § 841.085 FOR SEEKING
CLARIFICATION TO PRISON RULES. DEFENDANT TAYLOR THIS DENIED
PLAINTIFF THE RIGHT TO "SPEAK FREELY" AS GUARANTEED BY
THE FIRST AND FOURTEENTH AMENDMENTS. PLAINTIFF REALLEGES
AND INCORPORATE BY REFERENCE PARAGRAPHS 35-50.

(6)(C) DEFENDANTS KNOWINGLY RETALIATED AGAINST

PLAINTIFF FOR EXERCISING HIS FIRST AMENDMENT RIGHT
TO CONTACT ATTORNEYS CONCERNING THE UNCONSTITUTIONAL
CONDITIONS OF HIS CONFINEMENT AND FOR WRITING
A LETTER to AVALON'S PRESSIDENT ON FEBRUARY 13, 2012
WITH IMPLICATIONS OF FILING A LAWSUIT AGAINST
AVALON CORRECTIONAL SERVICES, INCORPORATED. PLAINTIFF AT
NO TIME PRIOR TO MARCH 9, 2012, RECEIVED A VERBAL OR
WRITTEN VIOLATIONS FROM OVSOM OR AVALON AND THEREFORE
THE ONLY REASONABLE EXPLANATION FOR THE DEFENDANTS'
CONDUCT IS DUE TO PLAINTIFF CONSTITUTIONALLY EXPRESSING
HIS RIGHT TO FREEDOM OF SPEECH. PLAINTIFF REALLEGES
AND INCORPORATE BY REFERENCE PARAGRAPHS 35-50.


CLAIM 7: REFUSING OR NEGLECTING to PREVENT THE UNLAWFUL
DEPRIVATION OF PLAINTIFF'S CIVIL RIGHTS.


(7)   OFFICE OF VIOLENT SEX OFFENDER MANAGEMENT
EXECUTIVE DIRECTOR ALLISON TAYLOR, CASE MANAGER
DIANA LEMON, AVALON CORRECTIONAL SERVICES, INCORPORATED
PRESIDENT BRIAN COSTELLO, FACILITY ADMINISTRATORS
GREG BASHAM AND CARLOS MORALES PURSUANT TO OFFICIAL
POLICY, CUSTOM, OR PRACTICE REFUSED OR NEGLECTED
to PREVENT THE VIOLATIONS OF PLAINTIFF'S
CONSTITUTIONAL RIGHTS.


     AS EXPLAINED ABOVE AT SECTIONS 1-6, DEFENDANT
EMPLOYEES OF OVSOM AND AVALON VIOLATED PLAINTIFF'S
CONSTITUTIONAL RIGHTS. AT ALL TIMES RELEVANT TO THIS

COMPLAINT, ALL DEFENDANTS WERE ACTING UNDER THE
DIRECTION AND CONTROL OF EXECUTIVE DIRECTOR ALLISON
TAYLOR. ACTING UNDER COLOR OF STATE LAW AND PURSUANT
TO OFFICIAL POLICY, CUSTOM, OR PRACTICE, DEFENDANTS
KNOWINGLY, RECKLESSLY OR WITH GROSS NEGLIGENCE FAILED
TO, ON A CONTINUING BASIS, INSTRUCT, SUPERVISE, CONTROL
OR ADVISE OVSOM AND AVALON EMPLOYEES IN THEIR
DUTIES TO REFRAIN FROM UNLAWFULLY RESTRAINING AND
CONFINING PLAINTIFF, TO REFRAIN FROM UNLAWFULLY
DEPRIVING PLAINTIFF OF HIS CONSTITUTIONAL RIGHTS
AND IMMUNITIES.

## STATE LAW CLAIMS

CLAIM 8: VIOLATION OF TEXAS LAW FAILURE TO PROVIDE GENUINE
"OUTPATIENT" TREATMENT

(8)      EXAMINED ON THE WHOLE, AS IMPLEMENTED AND APPLIED, THE
defendants FAIL TO PROVIDE GENUINE "OUTPATIENT" CONDITIONS AND
TREATMENT AS REQUIRED by TEX. HEALTH AND SAFETY CODE
CHAPTER 841.

        BRIEFLY STATED, PLAINTIFF AND OTHER CLIENTS ARE CONFINED
IN VARIOUS SECURE RESIDENTIAL FACILITIES THROUGHOUT THE STATE
OF TEXAS AND ARE FORBIDDEN TO LEAVE FACILITIES WITHOUT THE
PERMISSION OF THEIR CASE MANAGERS. WHEN PLAINTIFF IS ALLOWED to
LEAVE, THE VAST MAJORITY OF THE TIME IT IS FOR MEDICAL OR ON
OVSOM MANDATED TRIPS UNDER ESCORT AND OR SURVEILLANCE.

THE VAST MAJORITY OF THE IMPORTANT AND TINIEST ASPECTS OF PLAINTIFF'S LIFE IS CONTROLLED BY THE DEFENDANTS. PLAINTIFF AND OTHER OUTPATIENT CLIENTS ARE SUBJECT TO PROSECUTION FOR VIOLATIONS AMOUNTING TO TECHNICAL VIOLATIONS. PLAINTIFF IS SUBJECTED TO REQUIREMENTS AND CONDITIONS MORE PUNITIVE THAN THOSE IMPOSED UPON PRISONERS/PAROLEES WITHIN THE VERY SAME FACILITIES. PLAINTIFF MUST OBEY ALL VERBAL AND WRITTEN INSTRUCTIONS GIVEN BY CASE MANAGER OR THERAPIST, EVEN IF VIOLATIVE OF HIS CONSTITUTIONAL RIGHTS OR SUBJECT HIMSELF TO CRIMINAL PROSECUTION. PLAINTIFF MUST COMPLY WITH HUNDREDS OF REQUIREMENTS AND RULES AND HIS LIBERTY INTEREST TAKEN AWAY, OR SEVERELY INFRINGED UPON. CIVIL COMMITMENT UNDER TEX. HEALTH AND SAFETY CODE CHAPTER 841, AS IMPLEMENTED AND APPLIED, IS NOT "OUTPATIENT" TREATMENT AND VIOLATES TEXAS LAW. PLAINTIFF REALLEGES AND INCORPORATE BY REFERENCE PARAGRAPHS 16-80.

CLAIM 9: UNLAWFUL CONFINEMENT

(9) DEFENDANT TAYLOR KNOWINGLY VIOLATED PLAINTIFF'S STATE CONSTITUTIONAL RIGHT TO BE FREE UPON COMPLETION OF A SENTENCE WHICH EXPIRED OCTOBER 25, 2011. DEFENDANT TAYLOR AS A PUBLIC SERVANT ACTING UNDER COLOR OF HER OFFICE OR EMPLOYMENT, INTENTIONALLY AND KNOWINGLY SUBJECTED PLAINTIFF TO FURTHER CONFINEMENT BY PLACING HIM WITHIN A SECURED FACILITY WITH PRISONERS/PAROLEES THAT ARE STILL SERVING TIME ON ACTIVE OR CURRENT SENTENCES. THIS ALSO VIOLATED THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT.

CLAIM 10:   UNLAWFUL ARREST AND CONFINEMENT FOR
EXERCISING HIS FIRST AND FOURTEENTH AMENDMENT

(10) DEFENDANT TAYLOR KNOWINGLY VIOLATED PLAINTIFF'S STATE CONSTITUTIONAL RIGHTS WHILE ACTING UNDER COLOR OF HER OFFICE OR EMPLOYMENT AS A PUBLIC SERVANT, INTENTIONALLY AND KNOWINGLY CAUSED THE ARREST AND CONFINEMENT OF PLAINTIFF FOR EXERCISING HIS FREEDOM OF SPEECH UNDER BOTH FIRST AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. DEFENDANT TAYLOR WAS FULLY AWARE THAT PLAINTIFF WAS ALREADY DETAINED AND OR CONFINED AS AN SVP AND THAT NO FURTHER PUNISHMENT COULD BE HAD. PLAINTIFF IS PURPORTEDLY DETAINED AND OR CONFINED SOLELY FOR THE PURPOSE OF "OUTPATIENT" TREATMENT.

CLAIM 11:   RETALIATION FOR EXERCISING CONSTITUTIONAL RIGHTS
AND SUBJECTED TO MALICIOUS PROSECUTION

(11) DEFENDANT TAYLOR KNOWINGLY VIOLATED PLAINTIFF'S STATE CONSTITUTIONAL RIGHTS WHILE ACTING UNDER COLOR OF HER OFFICE OR EMPLOYMENT AS A PUBLIC SERVANT, INTENTIONALLY AND KNOWINGLY RETALIATED AGAINST PLAINTIFF FOR EXERCISING HIS FREEDOM OF SPEECH AND FOR ATTEMPTING TO SEEK REDRESS THROUGH THE COURTS AGAINST OVSOM AND AVALON, BY HAVING AN ARREST WARRANT ISSUED AND THEREAFTER CONFINED IN THE TARRANT COUNTY JAIL AND SUBJECTED TO MALICIOUS PROSECUTION. DEFENDANT TAYLOR VIOLATED PLAINTIFF'S FIRST AND FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION.

RELIEF REQUESTED

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT GRANT PLAINTIFF THE FOLLOWING RELIEF:

A DECLARATORY JUDGMENT THAT:

AS APPLIED AND USED BY THE DEFENDANTS, TEXAS HEALTH AND SAFETY CODE §841.085 IS CONSTITUTIONALLY INVALID IN THAT IT IS VAGUE, OVERBROAD, PUNITIVE AND IS POORLY AND UNCONSTITUTIONALLY DEFINED AND DELIMITED, ALLOWING THE DEFENDANTS TO MAKE "SUA SPONTE" DETERMINATIONS THAT THE ISSUING COURT'S FINAL JUDGMENT AND ORDER OF COMMITMENT HAS BEEN VIOLATED, RATHER THAN REQUIRING JUDICIAL DETERMINATION OF VIOLATIONS, AS SPECIFIED ABOVE.

THE DEFENDANTS FAIL TO PROVIDE PLAINTIFF HIS SUBSTANTIVE DUE PROCESS RIGHTS TO CONSTITUTIONALLY ADEQUATE MENTAL HEALTH TREATMENT AS SPECIFIED HEREIN. THE DEFENDANTS ACTS AND OMISSIONS OTHERWISE VIOLATED PLAINTIFF'S RIGHTS UNDER THE UNITED STATES CONSTITUTION AS SPECIFIED HEREIN. THE DEFENDANTS FAILED TO PROVIDE PLAINTIFF WITH GENUINE "OUTPATIENT" TREATMENT CONDITIONS IN VIOLATION OF STATE LAW AS SPECIFIED HEREIN.

DEFENDANTS TAYLOR AND LEMON VIOLATED STATE LAW IN THE COURSE OR FURTHERANCE OF THE VIOLATIONS OF PLAINTIFF'S CONSTITUTIONAL RIGHTS AS SPECIFIED HEREIN.

A PRELIMINARY AND PERMANENT INJUNCTION:

ENJOINING THE DEFENDANTS, THEIR AGENTS, DESIGNEES OR CONTRACTORS FROM PUNISHING, INTIMIDATING, OR OTHERWISE RETALIATING AGAINST PLAINTIFF FOR SEEKING REDRESS OF GRIEVANCES, OR FOR ACCESSING THE LAW LIBRARY OR THE COURTS.

REQUIRING THE DEFENDANTS TO AFFORD PLAINTIFF MEANINGFUL ACCESS TO THE COURTS BY PROVIDING PLAINTIFF WITH QUALIFIED LEGAL ASSISTANCE, PROVIDE PLAINTIFF WITH ADEQUATE TRANSPORTATION TO COUNTY LAW LIBRARY FOR A MINIMUM TEN (10) HOURS PER WEEK (PRISONERS ARE MANDATED TEN (10) HOURS A WEEK IN TEXAS).

ENJOINING THE DEFENDANTS FROM ANY FURTHER VIOLATION OF PLAINTIFF'S OR ANY CIVIL COMMITMENT CLIENT'S CONSTITUTIONAL OR STATE LAW RIGHTS.

A PERMANENT INJUNCTION:

REQUIRING THE DEFENDANTS TO BRING THE OUTPATIENT LEVEL COMMITMENT PROGRAM INTO COMPLIANCE WITH FEDERAL AND STATE LAW.

REQUIRING REVISION AND IMPROVEMENT OF THE "INTERNAL REVIEW" PROCEDURES TO PROVIDE FOR QUALITY ASSURANCE IN THE PROTECTION OF OUTPATIENT CLIENT RIGHTS, POLICY REVIEW,

AND COMPLIANCE, AND ADEQUATE INTERNAL INVESTIGATIONS OF INCIDENTS.

REQUIRING THE ESTABLISHMENT OF AN "EXTERNAL" CIVIL OR JUDICIAL OVERSIGHT BOARD, COMMITTEE, OR OMBUDSMAN SERVICE, INDEPENDENT OF THE AGENCIES OF THE STATE OF TEXAS, TO PROPOSE CHANGES TO THE OUTPATIENT CIVIL COMMITMENT PROGRAM IN ORDER TO ENSURE THE PROGRAM COMPLIES WITH FEDERAL AND STATE LAW AND TO ENSURE THOSE CHANGES ARE IMPLEMENTED AND CONTINUOUSLY CARRIED OUT.

REQUIRING OVSOM TO PROVIDE A QUALIFIED OUTPATIENT CLIENT ADVOCATE TO SERVE AS LIAISON BETWEEN CLIENTS, CASE MANAGERS, THE CLINICAL DIRECTOR AND THE EXECUTIVE DIRECTOR OF OVSOM.

REQUIRING OVSOM TO CREATE AND REVISE POLICIES AND PROCEDURES FOR THE OUTPATIENT CIVIL COMMITMENT PROGRAM THAT ENSURE OUTPATIENT CLIENT RIGHTS ARE PROPERLY SAFEGUARDED.

REQUIRING OVSOM TO IMPLEMENT A REVISED AND CONTINUOUS EDUCATION PROGRAM TO ENSURE THAT OVSOM STAFF AND CONTRACTORS APPROPRIATELY RESPECT THE RIGHTS OF CIVIL COMMITMENT CLIENTS.

THE APPOINTMENT BY THE COURT OF:

A SPECIAL MASTER to ASSIST IN ACHIEVING ANY COMPLIANCE ORDERED AND to SUBMIT REPORTS TO THE COURT.

THE AWARD OF COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNTS:

$100,000 AGAINST DEFENDANT TAYLOR for FAILING OR REFUSING to PROVIDE PLAINTIFF CONSTITUTIONALLY ADEQUATE OUTPATIENT MENTAL HEALTH TREATMENT AS REQUIRED BY DUE PROCESS, AND FOR FAILING OR REFUSING to ALLOW PLAINTIFF GENUINE "OUTPATIENT" CONDITIONS AS REQUIRED BY STATE LAW, AND AS SPECIFIED HEREIN.

$10,000 AGAINST DEFENDANT LEMON for FAILING OR REFUSING to PROVIDE PLAINTIFF CONSTITUTIONALLY ADEQUATE MEDICAL AND DENTAL CARE. DEFENDANT LEMON FORCED PLAINTIFF to GO 37 days WITHOUT DENTAL CARE DUE to PLAINTIFF NOT HAVING FUNDS to PAY FOR TREATMENT.

$100,000 AGAINST DEFENDANT TAYLOR FOR CAUSING THE ARREST, CONFINEMENT AND SUBJECTING PLAINTIFF to MALICIOUS PROSECUTION FOR EXERCISING HIS FIRST AND FOURTEENTH AMENDMENT RIGHTS BY SEEKING CLARIFICATION OF PRISON RULES PRIOR TO COMPLETING INTAKE PACKAGE WITH SIGNATURE AND FOR FILING GRIEVANCES AND COMPLAINTS WITH AVALON AND MAKING THEM AWARE OF PLAINTIFF'S INTENT to FILE LAWSUIT.

$100,000 AGAINST DEFENDANT TAYLOR FOR CAUSING THE CONSTANT AND CONTINUOUS UNLAWFUL CONFINEMENT OF PLAINTIFF AFTER

OCTOBER 25, 2011, WHERE PLAINTIFF HAD DISCHARGED A
FIFTEEN YEAR SENTENCE PRIOR TO BEING RELEASED
FROM TDCJ.

$200,000 AGAINST DEFENDANT BASHAM AND
COSTELLO. DEFENDANT COSTELLO AS PRESIDENT OF
AVALON CORRECTIONAL SERVICES HAS A POLICY, PRACTICE,
OR PROCEDURE THAT ALLOWS EMPLOYEES (DEFENDANT
BASHAM) TO VIOLATE CLEARLY ESTABLISHED FEDERAL
LAW BY RETALIATING AGAINST PLAINTIFF FOR EXERCISING
HIS FEDERAL CONSTITUTIONAL RIGHTS UNDER THE FIRST
AND FOURTEENTH AMENDMENTS. IN THE COURSE OF
RETALIATING AGAINST PLAINTIFF, DEFENDANT BASHAM
INTERFERED WITH PLAINTIFF'S MENTAL HEALTH OUTPATIENT
TREATMENT BY CAUSING HIS ARREST, CONFINEMENT AT
THE TARRANT COUNTY JAIL AND SUBJECTED TO
MALICIOUS PROSECUTION.

THE AWARD OF PUNITIVE DAMAGES IN THE FOLLOWING AMOUNTS:

$100,000 EACH AGAINST DEFENDANTS TAYLOR, COSTELLO
MORALES, BASHAM AND $10,000 AGAINST DEFENDANT LEMON
FOR SUBJECTING PLAINTIFF TO "RESTRICTIVE AND DENIGRATING"
CONDITIONS OF CONFINEMENT AND THAT ARE PUNITIVE IN
NATURE. THE DEFENDANTS VIOLATED PLAINTIFF'S SUBSTANTIVE
DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT
BY DENYING PLAINTIFF NON-PUNITIVE CONSTITUTIONAL
CONDITIONS OF CONFINEMENT.

PLAINTIFF FURTHER PRAYS THAT THIS HONORABLE COURT
GRANT ANY OTHER RELIEF THAT IT DEEMS NECESSARY.

SO PRAYED ON THIS THE 24th DAY OF SEPTEMBER 2012.

RESPECTFULLY SUBMITTED:

CLARENCE D. BROWN, PRO SE
TARRANT COUNTY JAIL
100 N. LAMAR ST.
Ft. WORTH, TEXAS 76102

DECLARATION

I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY
THE MATTERS ALLEGED HEREIN ARE TRUE TO THE BEST OF MY KNOWLEDGE
AND BELIEF. AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF,
I BELIEVE THEM TO BE TRUE. I DECLARE UNDER PENALTY OF
PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED AT
Ft. WORTH, TARRANT COUNTY, TEXAS ON THIS THE          DAY
OF            , 2012.

CLARENCE D. BROWN PRO SE

49.

United States District Court
Karen S. Mitchell, Clerk
501 W. Tenth St. Rm. 310
Ft. Worth, TX. 76102

RE: Plaintiff's Complaint
    42 U.S.C. § 1983

Dear Clerk,

Please find enclosed an original and one copy of Plaintiff's pleading to be filed with the court. Also find enclosed a document illustrating the date Plaintiff was released to bond from the Tarrant County Jail.

Plaintiff offers that he is a civilly detained or confined Sexually Violent Predator (SVP) that is currently residing at a minimum secure correctional facility for (1) treatment and (2) no space is currently available at a secure residential facility/halfway house in Texas.

Plaintiff on September 13, 2012 made bond from the Tarrant County Jail but due to the Office of Violent Sex Offender Management's policy, practice and procedure, Plaintiff was not released to bond but was committed to the Cold Springs minimum secure correctional facility with a Global Positioning Satellite attached to his ankle.

Plaintiff offers that he is not being detained or confined as a prisoner but is solely at this facility for the purpose of Texas' "Outpatient" Sexually Violent Predator Treatment Program" (OSVPTP), and that the Prison Litigation Reform Act (PLRA) does not apply to those civilly detained or confined. See Jackson v. Johnson; 475 F.3d 261 (5th Cir. 2007).

1.

I WOULD APPRECIATE IT VERY MUCH, IF A STAMPED AND
DATED COPY CAN BE RETURNED BACK TO ME. I AM WITHOUT FUNDS
AND I AM NOT PERMITTED TO WORK, NOR RECEIVE MORE THAN $20.00
AT ANY ONE TIME. FURTHERMORE, AT THIS TIME PER CASE MANAGER
I AM PROHIBITED ALL CONTACT FROM FAMILY AND FRIENDS WITHOUT
PRIOR APPROVAL FROM CASE MANAGER.

UNSWORN STATEMENT

I HEREBY DECLARE UNDER THE PENALTY OF PERJURY THAT THE
ABOVE IS TRUE AND CORRECT. EXECUTED ON THIS THE 24th DAY OF
September, 2012.   28 U.S.C. § 1746

CLARENCE D. BROWN

2

# The State of Texas

COUNTY OF   TARRANT

## A P P E A R A N C E   B O N D

### INSTANTER

| | Race: B | Near. Rel: |
|---|---|---|
| Name: BROWN, CLARENCE | Sex: M | Address: |
| | Height: | CSZ: |
| Addr: 500   HENDERSON ST | Weight: 5'10" | Emp. Name: |
| CSZ: FORT WORTH    TX  76102 | Eyes: 230 | Emp. Address:    UNEMPLOYED |
| Tel. #: | Hair: BRO | CSZ: |
| D.L. #:          State: | | BLK   Emp. Tel: |
| DOB:             Place of Birth: | | |
| MAR 5, 1961      FRESNO        CA | | |

| Case No. | Bond No. | Date Executed | Bond Amt. | Charging Instrument | Warrant No. | Arresting No. | CID |
|---|---|---|---|---|---|---|---|
| 1274825 | 1107620-X | SEP 13, 2012 | $5,000.00 | INDICTMENT | | | 0806389 |

Offense Names:
FELONY-CIVIL COMMITMENT REQUIREMENT

Sureties NAMES:                        Court of Jurisdiction
BROWN, CLARENCE                        CRIMINAL DISTRICT COURT NO. ONE
CLARK, TAYLOR                          CB59   817-332-1240   TARRANT      COUNTY
400   E WEATHERFORD ST        FORT WORTH,   TX  76102

KNOW ALL MEN BY THESE PRESENTS:

That we, the above named and undersigned principal and sureties, in our respective capacities, are held and firmly bound unto the State of Texas in the penal sum of the above shown amount of bond, in addition to costs of Court, post judgment interest, and interest accrued on the bond amount from the date of forfeiture in the same manner and at the same rate as provided for the accrual of prejudgment interest in civil cases, for the payment of which sum, well and truly to be made, and all additional fees and expenses that may be incurred by peace officers in rearresting the principal in the event the conditions of this bond are violated, we bind ourselves, our heirs, executors and administrators, jointly and severally by these presents. The condition of the above obligation is such that whereas the above named principal is being held in due course of law for the above shown offense and appeared in the above shown court, said principal was ordered and required as shown above, to give bail in the above amount for his/her personal appearance before the above named court. Said principal acknowledges and understands that at the time of the making of this bond, that charges have _____ been filed either by affidavit, information, complaint, or indictment, and said principal further understands and acknowledges that such charges if not filed may be filed at a later date. Said principal and said surety agree and hereby contract that they acknowledge the validity of this bond, charges being filed as outlined herein and said principal and surety hereby consent and agree that they will not contest the enforceability of this bond on the grounds of charges not being filed in a court of jurisdiction provided that said formal charges are later filed in a court of jurisdiction. Now if the principal shall well and truly make personal appearance Instanter before the court shown above of the above named County at the present term of said court if now in session, or at its next regular term if now in vacation and further shall well and truly make personal appearance before any other court to which the same may be filed or transferred and for any and all subsequent proceedings that may be had relative to the said charge in the course of the criminal action based on said charge, and there remain from day to day and from term to term of said court, until discharged by due process of law, then and there to answer said accusation against said principal, this obligation shall become void, otherwise to remain in full force and effect.

CONDITIONS OF THE BOND:

PERSONAL BOND:

I swear that I will appear before _____ at _____ Texas,

on the _____ day of _____ at the hour of _____ , or upon notice by the court, or to pay to the Court the principal sum
of _____ plus all necessary and reasonable expenses incurred in any arrest for failure to appear.

AFFIDAVIT OF SUFFICIENCY OF SURETY:

I do swear that I am worth, in my own right, at least the sum of _____ after deducting from my property all that which is exempt by the Constitution and Laws of the State from forced sale, and after the payment of all my debts of every description, whether individual or security debts, and after satisfying all encumbrances upon my property which are known to me; that I reside in _____ County, and have property in this State liable to execution worth said amount or more.

$59,600.00                    TARRANT

Surety: Taylor Clark                    Principal: _____

Witness: _____

SUBSCRIBED AND SWORN TO ME BY THE SURETY HEREIN ON THIS BOND
12 day of Jan 2014

Notary

Approved Magistrate

| Taken and Approved this _____ day of _____ | I certify the surety named herein has collateral in the amount indicated and, if submitted for approval, I would accept same. | LEFT THUMB | RIGHT THUMB |
|---|---|---|---|
| Sheriff: | | | |
| County: _____, Texas | Sheriff _____ | | |
| 13TH    SEPTEMBER  2012. | County, _____ | | |
| By _____, Deputy | Texas | | |
| DEE ANDERSON | By _____, Deputy | | |
| TARRANT | DEE ANDERSON | | |
| | TARRANT | | |





DeMarcus D. Brown D806389
Cold Springs (Tarrant County Jail)
100 N. Lamar
Ft. Worth, Texas 76102

UNITED STATES DISTRICT COURT
Karen S. Mitchell, Clerk
501 W. Tenth St. RM 310
Ft. Worth, Texas 76102

Legal Mail

RECEIVED
OCT - 1 2012
11:35 am
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS