NORTHERN DISTRICT OF TEXAS
FILED

NOV - 4 2016

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CLARENCE D. BROWN,                §
                                  §
           Plaintiff,             §
                                  §
VS.                               §    NO. 4:12-CV-698-A
                                  §
ALLISON TAYLOR, ET AL.,           §
                                  §
           Defendants.            §

MEMORANDUM OPINION
and
ORDER

As stated in the court's order of October 27, 2016, of
dismissal of certain parties and official capacity claims, the
court now has for consideration whether remaining claims asserted
by plaintiff, Clarence D. Brown, should be dismissed sua sponte.
Doc. 57 at 5.[1] The legal principles applicable to such analysis
are set forth in the court's memorandum opinion and order of
March 14, 2013, Doc. 17, and will not be repeated here. The
claims now pending are against Allison Taylor ("Taylor"), Brian
Costello ("Costello"), Carlos Morales ("Morales"), Greg Basham
("Basham"), David Crook ("Crook"), Manuel Sanchez ("Sanchez"),
Josh Burson ("Burson"), and Dee Anderson ("Anderson") in their
individual capacities, the Tarrant County Commissioners' [sic]
Court ("Commissioners Court"), and Tarrant County District

_____

[1]The "Doc. ____" references are to the number of the referenced items on the docket in this
action.

Attorney's [sic] Office ("District Attorney").[2] Doc. 55 at 3-5, ¶¶ 7-14.

I.

## Pertinent History of the Litigation

This action was initiated by the filing by plaintiff in October 2012 of his original complaint under 42 U.S.C. § 1983, which plaintiff supplemented by two filings in December 2012 and a fourth in January 2013. Docs. 1, 10, 11, & 16. In March 2013, the court issued a memorandum opinion and order and final judgment that considered all of plaintiff's claims, and ordered all of them dismissed with prejudice for the reason that plaintiff failed to state a claim against any defendant upon which relief may be granted. Docs. 17 & 18; Brown v. Taylor, No. 4:12-CV-698-A, 2013 WL 1104268, at *1 (N.D. Tex. Mar. 14, 2013)(vacated and remanded, 829 F.3d 365 (5th Cir. 2016)).

Plaintiff perfected an appeal to the Fifth Circuit, and in August 2016, the Fifth Circuit issued its opinion vacating this court's March 2013 dismissal, and remanding the action to this court for further proceedings. Brown v. Taylor, 829 F.3d 365 (5th Cir. 2016). The Fifth Circuit did not rule on the merit of

---

[2]In the amended pleading plaintiff filed October 26, 2016, he failed to name a number of defendants he had named in his original complaint papers, and he abandoned his official capacity claims against all individual defendants. Thus, by order and final judgment as to certain parties and official capacity claims issued by the court on October 27, 2016, the court dismissed all abandoned claims, and made the dismissals final. Docs. 57 & 58.

any of the grounds upon which this court relied in issuing its
dismissal order and judgment, but vacated and remanded because
plaintiff "did not receive notice that his complaint might be
inadequate, much less an opportunity to amend it or argue against
that characterization." Brown, 829 F.3d at 370. The Fifth
Circuit added that "[n]othing in the record allows [the Fifth
Circuit] to infer that [plaintiff] could not or would not amend
his complaint to allege more specific facts had the district
court informed him of such a deficiency." Id.

On August 9, 2016, this court issued an order that
authorized plaintiff to file by September 26, 2016, an amended
complaint in compliance with the requirements and comments
expressed in that order. Doc. 47. In the August 9 order, the
court was careful to explain to plaintiff the pleading
requirements of the Federal Rules of Civil Procedure, id. at 2-5,
including a discussion of the Rule 8(a)(2) requirements as
interpreted by the Supreme Court in Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009),
id. at 3-4. That explanation included the following:

>       Moreover, to avoid dismissal for failure to state
> a claim, the facts pleaded must allow the court to
> infer that the plaintiff's right to relief is
> plausible. [Iqbal, 556 U.S. at 679]. To allege a
> plausible right to relief, the facts pleaded must
> suggest liability; allegations that are merely
> consistent with unlawful conduct are insufficient.

3

Twombly, 550 U.S. at 566-69. "Determining whether a
complaint states a plausible claim for relief . . .
[is] a context-specific task that requires the
reviewing court to draw on its judicial experience and
common sense." Iqbal, 556 U.S. at 679.

    Bearing in mind the Rule 8(a)(2) requirements set
forth above, plaintiff is cautioned that he must
satisfy that Rule's requirements separately as to each
defendant he names in the Amended Complaint, and he
must do so in such a way that the reader of his Amended
Complaint will be able to comprehend what he is
claiming each defendant did or failed to do that
entitles him to whatever relief he is seeking against
that defendant in whatever capacity or capacities he is
suing that defendant.

Id. at 4. The August 9 order concluded with a notice to

plaintiff that:

    If he chooses to file an Amended Complaint within the
    allotted time, it will be subject to dismissal in whole
    or in part if plaintiff fails to comply with the
    pleading requirements described in this order as to all
    or some of the defendants.

Id. at 10.

    At plaintiff's request, the court extended the deadline for

the filing by plaintiff of an amended complaint to October 26,

2016. Doc. 51. On October 26, 2016, plaintiff filed his first

amended complaint, which was accompanied by an exhibit volume.

Docs. 55 & 56. He asserted § 1983 claims against Taylor,

Costello, Morales, Bashum, Crook, Sanchez, Burson, and Anderson,

in their individual capacities only, Commissioners Court, and

District Attorney. Doc. 55 at 3-5, ¶¶ 7-14, & at 21-26. He also

4

asserted state law claims against Taylor, Anderson, and District Attorney. Id. at 26-28.

The court has concluded that through the rulings the court made in its March 2013 memorandum opinion and order and the explanations and notice the court provided to plaintiff in the August 9, 2016 order, plaintiff has received sufficient notice of the inadequacies of his original complaint documents and of what an adequate amended complaint should contain, and has been given a fair opportunity to amend his complaint to cause it to be adequate. Therefore, the court considers appropriate at this time to evaluate whether all or some part of the claims asserted by plaintiff in the amended complaint he filed October 26, 2016, should be dismissed sua sponte for failure to state a claim upon which relief may be granted. See Carroll v. Fort James Corp., 470 F.3d 1171, 1177 (5th Cir. 2006).

II.

Analysis

A.  Overview

Despite being apprised of the applicable pleading rules, Doc. 17 at 10-14, and being reminded of the requirements for successfully pleading his claims, Doc. 47, plaintiff has not pleaded facts from which the court can conclude that he has a plausible claim against any of the remaining defendants.

Therefore, the court has decided for the reasons stated herein that dismissal of all of plaintiff's remaining claims is appropriate at this time because of the failure of plaintiff to state a claim against any of the defendants upon which relief may be granted.

Plaintiff fails to allege any facts that adequately describe anything any individual defendant did. His frequent references in his amended pleading to "defendants" having done or failed to do something are not sufficient to constitute allegations of conduct of any particular person. See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999). Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Plaintiff has failed to allege facts from which the court could infer that any of the individual defendants engaged in conduct that could form the basis of a plausible cause of action against any of them in his or her individual capacity.

Instead, the entirety of plaintiff's complaint is a scattergun attack on the Texas statutory plan for civil commitment of sexually violent predators. That this is so, is disclosed by plaintiff's own description of the nature of the

complaints he makes in his October 26, 2016 amended pleading.   He

alleges that:

> Plaintiff challenges the nature and conditions of
> confinement, and the manner and implementation of the
> *Outpatient Civil Commitment Program* under Tex. Health &
> Safety Code Chapter 841. Pursuant to this chapter,
> Plaintiff has a statutorily created liberty interest in
> genuine *outpatient conditions* (as interpreted by the
> Texas Supreme Court in *In Re Commitment of Fisher,* 164
> S.W.3d 637 (2005)), as well as Substantive Due Process
> and other rights under the United States Constitution.
> Plaintiff allege claims against the Defendants under
> the statutory premise that Plaintiff is an *Outpatient.*
>
> The Defendants imposes and enforces rules and living
> conditions that substantially restrict all of
> Plaintiff's liberty interest and subject him to
> punishment under the auspices of the civil commitment
> statutes. The Defendants deprive Plaintiff of his civil
> rights without due process of law, violate the right to
> privacy, freedom of speech, and illegally confines
> [sic]. The above actions do not comport with the
> Fourteenth Amendment to the United States Constitution,
> where those civilly committed are concerned.

Doc. 55 at 6 (errors in original).   Plaintiff fails to give any

weight to the purpose and goals of the Texas sexually violent

predator statutory plan.

The legislative findings that led to the enactment of

chapter 841 of the Texas Health & Safety code, titled "Civil

Commitment of Sexually Violent Predators," were as follows:

> The legislature finds that a small but extremely
> dangerous group of sexually violent predators exists
> and that those predators have a behavioral abnormality
> that is not amenable to traditional mental illness
> treatment modalities and that makes the predators
> likely to engage in repeated predatory acts of sexual

violence.   The legislature finds that the existing
involuntary commitment provisions of Subtitle C, Title
7, are inadequate to address the risk of repeated
predatory behavior that sexually violent predators pose
to society.   The legislature further finds that
treatment modalities for sexually violent predators are
different from the traditional treatment modalities for
persons appropriate for involuntary commitment under
Subtitle C, Title 7.   Thus, the legislature finds that
a civil commitment procedure for the long-term
supervision and treatment of sexually violent predators
is necessary and in the interest of the state.

Tex. Health & Safety Code § 841.001 (Vernon 2010).   The Supreme

Court has upheld state and civil commitment statutes comparable

to Texas's.   See United States v. Comstock, 560 U.S. 126

(2010)(upholding the federal civil commitment statute); Kansas v.

Crane, 534 U.S. 407 (2002)(upholding the Kansas sexually violent

predator statute); Kansas v. Hendricks, 521 U.S. 346

(1997)(same); Seling v. Young, 531 U.S. 250 (2001)(same for

Washington).[3]

    The chapter 841 definition of a sexually violent predator is

"a repeat sexually violent offender [who] suffers from a

behavioral abnormality that makes the person likely to engage in

a predatory act of sexual violence."   In re Commitment of

---

[3]Texas courts also have upheld the Texas civil commitment statute for sexually violent predators.
See In re Commitment of Fisher, 164 S.W.3d 637 (Tex. 2005); Green v. State, 219 S.W.3d 84, 90-91
(Tex. App.--Houston [1st Dist]. 2006, no. pet.); In re Commitment of Shaw, 117 S.W.3d 520, 524-25
(Tex. App.--Beaumont 2003, pet. denied); In re Commitment of Mullens, 92 S.W.3d 881, 883-84 (Tex.
App.--Beaumont 2002, pet. denied); see also Petersimes v. State, No. 05-10-00227-CR, 2011 WL
2816725, at *5-*11 (Tex. App.--Dallas July 19, 2011, pet. ref'd); Beasley v. Molett, 95 S.W.3d 590 (Tex.
App.--Beaumont 2002, pet. denied).

Bohannan, 388 S.W.3d 296, 298 (Tex. 2012); Tex. Health & Safety Code §§ 841.002(9) & 841.003(a)(Vernon 2010). The term "behavioral abnormality" is defined as "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." Bohannan, 388 S.W.3d at 298; Tex. Health & Safety Code § 841.002(2)(Vernon 2010).

The factors mentioned above are to be considered in evaluating the plausibility of any claim of violation of the rights of a sexually violent predator who has become subject to Texas's chapter 841 plan of Civil Commitment of Sexually Violent Predators. However, whether or not those factors are considered, plaintiff has not alleged a factual basis for any plausible claim for relief against any of the defendants.

B. Section 1983 Claims

Plaintiff's § 1983 claims are alleged on pages 21-26 of his amended complaint. Doc. 55 at 21-26. Section 1983 is not a source of substantive rights, but merely provides a method of vindicating federal rights conferred elsewhere. Albright v. Oliver, 510 U.S. 266, 271 (1994). To state a claim for relief under § 1983, the plaintiff must allege facts plausibly establishing that an individual acting under color of state law

9

caused the deprivation of a specific right secured by the Constitution or laws of the United States. Id.; West v. Atkins, 487 U.S. 42, 48 (1988). As discussed below, plaintiff has failed to make such allegations as to any of the remaining defendants.

     1.   Taylor

Plaintiff alleges that Taylor is the former Executive Director of the Office of Violent Sex Offender Management and that she was responsible for the daily administration of the Outpatient Sexually Violent Predator Treatment Program and all of its staff. Doc. 55 at 3-4, ¶ 7. He alleges that she controlled "all of the important and tiniest aspects" of plaintiff's life, id. at 12, ¶ 41, and that she "had the power and duty to properly instruct, supervise, control, discipline and correct violations, but failed to do so, id. at 16, ¶ 59. He repeatedly refers to Taylor's "policies, practices and procedures." Id. at 16-18, ¶¶ 61-63, 65. Clearly, plaintiff seeks to hold Taylor liable under a theory of respondeat superior, which is not available. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Williams v. Luna, 909 F.2d 121, 123 (5th Cir. 1990). Plaintiff relies entirely on conclusory allegations and has not alleged facts to show that Taylor was personally involved in any purported violation of plaintiff's constitutional rights. See,

e.g., Mesa v. Prejean, 543 F.3d 264, 274 (5th Cir. 2008); Mouille
v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992).

    2.   Costello

    Plaintiff alleges that Costello is the president of Avalon
Correctional Services, which runs the facilities in Fort Worth
and El Paso where he was confined. Doc. 55 at 4, ¶ 8. He, too,
appears to be sued on a respondeat superior basis. See, e.g.,
Doc. 56 (Exs. 10 & 11) at 18-21 (using ECF numbers). Plaintiff
has not alleged any facts to show that Costello individually owed
any duty to plaintiff, much less violated any of plaintiff's
constitutional rights.

    3.   Morales

    Plaintiff alleges that Morales is the facility administrator
of the multi-use facility in El Paso where plaintiff was
confined. Doc. 55 at 4, ¶ 9. Again, the allegations are of a
respondeat superior nature. Plaintiff does not allege that
Morales individually caused harm to plaintiff.

    4.   Basham

    Plaintiff alleges that Basham was the facility administrator
of the facility in Fort Worth where plaintiff was confined. Doc.
55 at 4, ¶ 10. Plaintiff alleges that Basham yelled and screamed
at him, id. at 10, ¶ 33, and that he had the power to keep
plaintiff at the facility but chose to reject him, id. at 9, ¶ 30

11

& at 18, ¶ 70. Threatening language does not amount to a constitutional violation. <u>McFadden v. Lucas</u>, 713 F.2d 143, 146 (5th Cir. 1983). Nor does choosing not to keep plaintiff at the facility. <u>Cf.</u> <u>Olim v. Wakinekona</u>, 461 U.S. 238, 245 (1983); <u>Tighe v. Wall</u>, 100 F.3d 41, 42 (5th Cir. 1996). Plaintiff does not allege any facts that would support a claim against Basham.

     5-7. <u>Sanchez, Burson, and Crook</u>

     Plaintiff alleges that Sanchez, Burson, and Crook are agents of the Texas Department of Public Safety who caused plaintiff to be arrested for his failure to comply with instructions of personnel at his place of confinement in Fort Worth. Doc. 55 at 5, ¶ 14, at 10, ¶ 34, & at 20, ¶ 74. Exhibit 12 to the amended complaint is a report that explains what transpired. <u>Id.</u>; Doc. 56 (Ex. 12) at 22 (using ECF page number). Plaintiff contends that these defendants unlawfully arrested him, but his contentions are belied by the report. As the court previously noted, the fact that plaintiff was arrested and prosecuted for breaking the civil commitment rules does not state a claim for a constitutional violation. Doc. 17 at 17-18 (citing <u>Allen v. Seiler</u>, No. 4:12-CV-414-Y, 2013 WL 357614, at * 3 (N.D. Tex. Jan. 30, 2013); <u>Wilson v. Thaler</u>, No. H-12-927, 2012 WL 3727133, at *5 (S.D. Tex. Aug. 27, 2012)).

8.   Anderson

Plaintiff alleges that Anderson is the Sheriff of Tarrant
County, Texas, and that he is responsible for the daily
administration and operation of the Tarrant County confinement
facilities. Doc. 55 at 5, ¶ 11. Plaintiff vaguely alludes to
policies, practices, and procedures, but does not allege any
facts to show that Anderson was personally involved in any
violation of plaintiff's constitutional rights. The only specific
allegation with regard to Anderson is that plaintiff sent him a
letter in late October 2012 complaining about his confinement in
a Tarrant County facility and that within a few days he was
transferred to a facility in Houston. Doc. 55 at 5, ¶ 56.
Plaintiff has not stated a claim against Anderson. Mesa, 543 F.3d
at 274; Mouille, 977 F.2d at 929.

9.   Commissioners Court

Plaintiff alleges that the Tarrant County Commissioners'
[sic] Court is responsible for the policies, practices, and
procedures of the Tarrant County Sheriff and the Tarrant County
District Attorney's Office. Doc. 55 at 5, ¶ 12. He purports to
sue the Commissioners Court "in their individual capacity as
policy makers for Tarrant County, Texas," Doc. 55 at 1, which
could only mean that he is suing the commissioners individually.
However, as noted in the court's memorandum opinion and order of

13

March 14, 2013, Doc. 17 at 12, local legislators enjoy absolute immunity for their legislative activities. <u>Bogan v. Scott-Harris</u>, 523 U.S. 44, 48-49 (1998). To the extent he intended to sue the commissioners court itself, the commissioners court is the body that exercises power and jurisdiction over all county business. Tex. Const. art. V, § 18(b). The county alone has a justiciable interest in matters affecting it. <u>Bee County v. Roberts</u>, 437 S.W.2d 62, 64 (Tex. Civ. App.-Corpus Christi 1968, no writ)(noting that although county commissioners might be made nominal parties to an action, the county was a necessary defendant). Accordingly, Tarrant County would be the proper defendant. <u>See</u> <u>Darby v. Pasadena Police Dep't</u>, 939 F.2d 311, 313 (5th Cir. 1991); <u>Wilson v. Dallas County</u>, No. 3:11-CV-879-L, 2014 WL 4261951, at * 6 (N.D. Tex. Aug. 29, 2014). However, plaintiff has not pleaded facts sufficient to show that his constitutional rights were violated either as a result of its enactment of or failure to enact a particular policy. <u>See</u> <u>Spiller v. City of Texas City, Police Dep't</u>, 130 F.3d 162, 167 (5th Cir. 1997); <u>Fraire v. City of Arlington</u>, 957 F.2d 1268, 1278 (5th Cir. 1992).

      10. <u>District Attorney</u>

Plaintiff also sues the Tarrant County District Attorney's Office "in their individual capacity." Doc. 55 at 1. Again, he complains about unspecified "policies, practices, and

14

procedures." Doc. 55 at 5, ¶ 13. A county district attorney's office is not a legal entity capable of being sued. <u>Murray v. Earle</u>, 334 F. App'x 602, 605 n.2 (5th Cir. 2009); <u>Jacobs v. Port Neches Police Dep't</u>, 915 F. Supp. 842, 844 (E.D. Tex. 1996). In paragraph 75, plaintiff names Joe Shannon, Jr., and Michele Hartman as the persons responsible for the policies, practices, and procedures, and says that they subjected plaintiff to prosecution under of Section 841.085 of the Texas Health & Safety Code. Doc. 55 at 20, ¶ 75. Of course, prosecutors are absolutely immune from suit. <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 273 (1993); <u>Brummett v. Camble</u>, 946 F.2d 1178, 1181 (5th Cir. 1991); <u>see also</u> <u>Boyd v. Biggers</u>, 31 F.3d 279, 285 (5th Cir. 1994) (per curiam). Plaintiff does not allege anything more than conclusory allegations with regard to any alleged policy. <u>Spiller</u>, 130 F.3d at 167.

\* \* \* \* \*

More generally, plaintiff has failed to allege a constitutional violation against anyone as all of the policies and practices of the program about which plaintiff complains "bear some reasonable relation to the purpose for which persons are committed." <u>Seling</u>, 531 U.S. at 265. Thus, even if the assumption were made, <u>arguendo</u>, that certain of the individual defendants could be held liable on a <u>respondeat superior</u> basis

for pursuit of specific policies and practices by program

employees, there nevertheless would not be any basis for § 1983

liability on the part of any of the individual defendants under

the conclusory allegations of the complaint.

C.    State Law Claims

Plaintiff's state law claims are described on pages 26-28 of

the amended complaint.  Doc. 55 at 26-28.  The court notes that

plaintiff continues to assert state law tort claims against

Taylor for violation of Texas law, for unlawful confinement, for

unlawful arrest and confinement for exercising freedom of speech,

for retaliation for exercising his constitutional rights, and,

along with Anderson, for unlawful confinement, and, along with

the Tarrant County District Attorney's Office, for malicious

prosecution. He alleges that these violations are by public

servants acting under color of their offices or employment. Doc.

55 at 27-28.

In plaintiff's initial complaint, plaintiff sued Taylor and

Anderson in their official as well as individual capacities.

Docs. 1 & 10. Doing so amounts to an irrevocable election to

assert official capacity claims; thus, plaintiff cannot now

pursue these defendants in their individual capacities. Molina v.

Alvarado, 463 S.W.3d 867, 871 (Tex. 2015); Tex. Civ. Prac. & Rem.

16

Code § 101.106(a).[4] And, plaintiff could not pursue these tort claims against defendants' employers as the claims he asserts are intentional torts for which immunity has not been waived. Tex. Civ. Prac. & Rem. Code § 101.057(2); Goodman v. Harris Cnty., 571 F.3d 388, 394 (5th Cir. 2009); Tex. Dep't of Pub. Safety v. Petta, 44 S.W.3d 575, 580 (Tex. 2001).

Moreover, plaintiff's state court Claims 7, 8, 9, 10, and 11 (Doc. 55 at 27-28) are but different versions of a claim that Taylor, Anderson, and District Attorney violated state law by causing him to be prosecuted when he should not have been. In other words, they all are malicious prosecution claims under various guises. Plaintiff does not allege the facts that would support a malicious prosecution claim against Taylor or Anderson. No facts are alleged from which the conclusion plausibly could be drawn that any prosecution of plaintiff was left to the discretion of Taylor or Anderson. See King v. Graham, 126 S.W.3d 75, 76 (Tex. 2003). Nor is there any allegation that the prosecutor acted on the basis of false information provided to the prosecutor by Taylor or Anderson, and that without such false information the decision to prosecute would not have been made.

---

[4]With regard to Taylor, the court additionally notes that plaintiff has not pleaded any facts to show that she would not be immune from liability as an officer or employee of the Texas Department of Criminal Justice. Tex. Health & Safety Code § 841.147.

17

Id.  Also absent are allegations of the essential elements of a claim for malicious prosecution of absence of probable cause for the proceedings and malice in filing the charge.  See Richey v. Brookshire Grocery Co., 952 S.W.2d 515, 517 (Tex. 1997).

Plaintiff's allegations simply do not lead to the conclusion that a plausible state court claim has been alleged against Taylor, Anderson, or District Attorney.

III.

Order

For the reasons stated above,

The court ORDERS that plaintiff's claims against Taylor, Costello, Morales, Bashum, Crook, Sanchez, Burson, Anderson, Commissioners Court, and District Attorney be, and are hereby, dismissed for the failure of plaintiff to state a claim against any defendant upon which relief may be granted.

SIGNED November 4, 2016.

JOHN McBRYDE
United States District Judge

18